. JOHN E. HUMPHREY V. MICHAEL COLLINS.

PRACTICE; *Objections to Evidence.* An objection to the introduction of evidence must be so specific that the court may know from the objection what the question is which it is called upon to decide; and unless the objection is thus specific, the supreme court cannot assume that the trial court decided some particular question which it might or might not have decided, and that it erred in its decision. Error is never presumed. On the contrary, it must be affirmatively shown; and before a judgment can be reversed because of alleged error, it must be affirmatively shown that the trial court has committed some material error.

*Error from Wyandotte District Court.*

AT the July Term, 1878, of the district court, *Collins,* as defendant, had judgment against *Humphrey,* as plaintiff, who brings the case to this court.

*N. Cree,* for plaintiff in error.

*J. B. Scroggs,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action for false imprisonment. The answer was a general denial, and a justification, in substance, that the defendant, as marshal of the city of Wyandotte, a city of the second class, arrested the plaintiff, in said city, under a city ordinance, for drunkenness.

The plaintiff in error, who was plaintiff below, claims that the court below erred in admitting in evidence a certain rec-

ord.   The objection to the introduction of said record, and the
exception thereto, are as follows: "To the reading of which
extract from said book to the jury as evidence, the said
plaintiff. objected; but said objection was overruled by the
court, and said extract was read in evidence to the jury, to
which ruling of the court, plaintiff excepted." There is noth-
ing to show for what purpose this record was introduced,
and nothing to show for what purpose the plaintiff supposed
it was introduced. The plaintiff now intimates, but he does
not say so, that it was introduced to prove drunkenness on
the part of the plaintiff. Possibly this may have been the
object for which it was introduced, but the record does not
so show, and we cannot know that such was the object.
Probably it was not necessary to introduce it for any such
purpose, for seven different witnesses were examined on the
trial, and their testimony probably proved beyond all doubt
that the plaintiff was drunk, as alleged by the defendant.
The testimony of said witnesses has not been brought to this
court. It does not appear that the plaintiff objected to the
evidence because he thought it would tend to prove that he
was drunk. His objection might have been because he
thought that the record was not properly authenticated, or
that it would tend to prove that the defendant was marshal,
or that he made the arrest in a judicial proceeding, or that
Wyandotte was a city of the second class, or that it had an
ordinance against drunkenness, etc. From anything shown
to this court, we cannot say that said record could not or
might not have been introduced in evidence for some proper
purpose. We therefore cannot say that the court below erred
in admitting it in evidence. This court has repeatedly de-
cided that, as a rule, a general objection to evidence is not
available. (*Simpson v. Kimberlin*, 12 Kas. 587, and cases
there cited; *Willis v. Sproule*, 13 Kas. 257, 263, 264, and
cases there cited; *Rheinhart v. The State*, 14 Kas. 318, 323;
*Cross v. National Bank*, 17 Kas. 336, 338; *K. P. Rly. Co.
v. Cutter*, 19 Kas. 83, 87, 88.) And all other courts decide
the same way. The objection must be so specific that the

court may know from the objection what the question is which it is called upon to decide; and unless the objection is thus specific, we cannot assume that the court decided some particular question which it might or might not have decided, and that it erred in its decision. Error is never presumed. On the contrary, it must be affirmatively shown; and before a judgment can be reversed because of alleged error, it must be affirmatively shown that the court has committed some material error. In this case, even if the court below erred in permitting said record to be introduced in evidence, the error was probably entirely immaterial.

The defendant's answer was sufficient. The judgment of the court below will be affirmed.

All the Justices concurring.