WILLIAM F. OSBORN v. WOODFORD BROTHERS, *et al.*

1. DAMAGES, *Action for; Competent Evidence for Defense.* Where a plaintiff sues the defendant for damages alleged to have been caused by the *negligence* of the defendant in removing a building owned by the defendant, and the defendant answers by filing a general denial, *held,* that the defendant for the purpose of rebutting the plaintiff's cause of action may introduce evidence on the trial, to show that he let the contract for the removal of the building to another person, who removed the same, and that the defendant had nothing to do with the work of removal, nor any control over the same.

2. EVIDENCE — *Objection and Exception, Insufficient.* The court permitted the defendant to introduce certain evidence, to the introduction of which the plaintiff objected and excepted, and the record shows that the objection and exception were as follows: "To all of the above testimony of the witness Majors, the plaintiff duly objected, and, the objection being overruled, duly excepted." *Held,* That the objection and exception are not sufficient; that generally a court does not err materially in admitting evidence unless a reason for its exclusion is given by the party asking for its exclusion.

3. INSTRUCTION, *Objectionable Part of, Wholly Immaterial.* The plaintiff claims that "the jury were instructed in effect that to enable the plaintiff to recover they must find that the work done from which the damage resulted must be in itself dangerous and likely to produce injury, *however carefully done,* or that there must be a want of ordinary care in its performance." That portion of this instruction of which the plaintiff complains is put in italics. There was nothing in the case that showed that the work done from which the damage resulted required anything more than ordinary care. Therefore, *held,* that the objectionable portion of the instruction was wholly immaterial.

*Error from Coffey District Court.*

ACTION brought by *William F. Osborn* against J. E. Wood-ford and A. L. Woodford, partners as *Woodford Brothers,* and two others, to recover damages alleged to have been sustained on account of the breaking of a plate-glass window in a building belonging to plaintiff. This breaking, the plaintiff alleged, was caused by the negligence of the defendants in removing a certain building owned by the *Woodford Brothers,* and in using defective machinery in doing the work. Trial at the July Term, 1882. The instructions given by the court to the jury are as follows:

" 1. This is an action brought by the plaintiff to recover damages sustained by him on account of the breaking of a glass window, which breaking was the result of the negligence of the defendants, as the plaintiff alleges.

" 2. The defendants Woodford Brothers admit that they are and were partners, and that plaintiff owns the building in which the glass is alleged to have been broken, and that said defendants owned a certain frame building as alleged in the 1st, 3d and 4th paragraphs of plaintiff's petition, and deny each and every other allegation in plaintiff's petition.

" 3. Defendants Jones and Werts deny every allegation in plaintiff's petition contained.

" 4. Under these issues the burden of proof is upon the plaintiff to establish all the allegations of his petition by a preponderance of the evidence in the case not admitted in defendants' answer.

" 5. It is claimed by the plaintiff that defendants the Woodfords employed defendants Jones and Werts to assist them to move the frame building mentioned in paragraph 4 of plaintiff's petition, and that all the defendants, while moving said frame building, were guilty of negligence in using defective and insufficient appliances, and guilty of negligence in not using the appliances they did have with sufficient care and prudence; and that by reason of such negligence the plaintiff's glass window was broken.

" 6. It is claimed by defendants the Woodfords that they contracted with defendant Jones to move said building, and that Jones agreed and undertook to move said building for a stipulated sum, and that said Woodfords had nothing what-

ever to do with moving the same; and that if there was any negligence in moving the same, it was the negligence of Jones only.

"7. If the Woodfords contracted with Jones to move the building in question for a stipulated price, and said Jones was to have exclusive control and management thereof, then the Woodfords would not be liable for any damages occasioned by the negligence of said Jones or of his partners or employés, —unless the moving of the building in question, under the circumstances shown by the evidence in this case, would necessarily be dangerous to adjacent property-owners, however carefully done. In that case, all the defendants would be liable alike for any damages resulting from the moving of such building.

"8. The general rule of law is, that a person is not liable for the negligence of his contractor, however great it may be; but to this general rule there is this exception: when the thing contracted to be done is in its very nature necesrarily dangerous to others, then such person, equally with the contractor, will be liable for whatever damage may result from such work.

"8½. The defendants the Woodfords had a right to move their building, and in doing so would be required to use and exercise ordinary care, both in the selection of appliances and in the use and management thereof; and if they used such care they would not be liable for damages that resulted therefrom, and no greater care would be required of their contractor than from themselves. If, therefore, their contractor, if they had one, in the selection of appliances and in the use thereof exercised ordinary care, the Woodfords would not be liable for any damages resulting from such moving, unless such work was necessarily dangerous as aforesaid.

"9. Ordinary care is such care and caution as a man of ordinary prudence would exercise under similar circumstances, if all the property to be affected thereby was his own; and the want of such care is negligence. Any person who undertakes to do that which is from its very nature likely to injure others, however carefully performed, will be liable for any damage resulting therefrom, even though he use ordinary care in its performance.

"10. If at the time the alleged damage occurred, Jones and Werts were partners, and as such were the contractors of the Woodfords, and not mere employés thereof, then Jones and Werts would each be liable for such damage, if it was

caused by the negligence of said Jones and Werts, or either of them, or their employés.

"11. If you find that ordinary care was used in moving the building in question, both in the selection of appliances and in the use thereof, or that the damage complained of was not caused by the negligence of the defendants, or either of them, you will find for the defendants, unless you further find the moving of said building dangerous, as hereinbefore stated.

"11½. If you find for the plaintiff, you will return a verdict for him for the amount of damages sustained by him, as shown by the evidence in the case.

"12. You are the exclusive judges of the evidence, of its weight, and of the credibility of the witnesses.

"13. Before you can find against the defendants the Woodfords, the plaintiff must establish the following facts by a preponderance of the evidence in the case: (1) That the damages complained of were caused by the negligent manner in which the work of moving the building in question was done, or because of the defective condition of the appliances used; (2) that the Woodfords did not, in their contract with Jones, surrender to him the entire control and management of such work, or that they (the Woodfords), or one of them, assumed control of and did control such work at the time the damage complained of was done; (3) or that moving the building in question was of such a dangerous character as to necessarily endanger the property of adjacent owners, however carefully done.

"14. If the jury find that the defendants the Woodfords, or either of them, directed or caused or influenced the defendants Jones and Werts to procure of Davidson the tools or appliances with which the building in question was moved, and that said tools and appliances and the use thereof in the moving of said building was contemplated by said Woodfords at the time they employed said Jones to move said building, and that said tools and appliances were insufficient for that purpose, and such as a person of ordinary care would not use for such a purpose, and that the moving of such building with such tools and appliances would necessarily be dangerous to others, as hereinbefore stated, then said Woodfords would be liable for any damages resulting from the use of such tools and appliances, regardless of the nature of the contract existing between them.

"15. If the Woodfords employed Jones and Werts to assist them in moving said building, and they were the mere

employés of the Woodfords, and not contractors, then neither Jones nor Werts would be liable, unless they, or one of them, were personally guilty of negligence which caused the injury complained of — unless the work of moving of such building was of the dangerous character aforesaid."

To all, each and every paragraph of the foregoing instructions, the plaintiff duly excepted. The jury found a verdict for all the defendants. Thereafter the plaintiff filed his motion for a new trial, which was argued by counsel and taken under advisement by the court. October 2, 1882 — at an adjourned term of the aforesaid July Term — the court overruled this motion, and rendered judgment for costs against plaintiff. *Osborn* brings the case to this court. The opinion contains a sufficient statement of the facts.

*G. E. Manchester*, for plaintiff in error.

*Silas Fearl*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was commenced by William F. Osborn against J. E. Woodford and A. L. Woodford, partners doing business under the firm-name and style of Woodford Brothers, and F. C. Jones and N. S. Werts, to recover damages alleged to have been sustained on account of the breaking of a plate-glass window in a building belonging to the plaintiff, which breaking the plaintiff alleged was caused by the negligence of the defendants in doing the work and in using defective machinery in moving a certain building owned by the Woodford Brothers. The plaintiff also claims that the work of itself was of such a dangerous character that the defendants were liable, regardless of the question of negligence. The plaintiff also alleged that Jones and Werts were the employés and special partners of Woodford Brothers in moving this building.

The Woodford Brothers answered, admitting the ownership of the building, and that they were partners, but denying that they were partners of Jones and Werts, or of either of them, either generally or specially, and denying all the allegations

of the plaintiff's petition, except such as they admitted. This answer, so far as it denied the allegations of partnership, was verified by affidavit. Jones and Werts also filed an answer, denying generally all the allegations of the plaintiff's petition. A trial was had before the court and a jury, which trial resulted in a verdict and judgment in favor of the defendants and against the plaintiff; and the plaintiff, as plaintiff in error, brings the case to this court for review.

The first ruling of the court below assigned as error is the admission of certain evidence to prove that the Woodford Brothers let the contract to move their building to Jones and Werts, who thereafter had entire charge and control of the work of removal, and that they, the Woodford Brothers, had nothing to do with the work of removal, nor any control over the same. The plaintiff claims that such evidence was inadmissible under the defendants' general denial; and this is the only ground upon which he claims that the evidence was not admissible. He claims that the defendants should have set forth this fact in their answer, if they wished to prove it. We think the evidence was admissible, and that the court below did not err in admitting it. It was merely evidence that tended to disprove or rebut the plaintiff's case, the plaintiff's cause of action, the allegations of negligence, etc. But still, it was immaterial under the verdict of the jury, for the jury found that even Jones and Werts, the persons immediately connected with the injury, and who caused the same, were not liable.

The plaintiff also claims that the court below erred in admitting the testimony of A. C. Majors, as to the degree of care and skill subsequently exercised by Jones in moving another building. We think the court below erred in admitting this evidence, but we also think that the error was immaterial. Besides, the plaintiff did not save a proper exception. The evidence was probably introduced for the purpose of showing that Jones was a careful and skillful workman; but it certainly did not show him in any better light in that respect than the other evidence did. Indeed, it showed him in

a much worse light.   The objection and exception to the introduction of this evidence, as shown by the record, are as follows:

"To all of the above testimony of the witness Majors, the plaintiff duly objected, and, the objection being overruled, duly excepted."

It does not appear that any reason was given for the objection or the exception; and generally in such cases, a court does not err materially, unless a reason is given by the party asking for the exclusion of the evidence.   The evidence may have been introduced to show that Jones was skillful and careful, or that the machinery was sufficient, or that moving buildings is not necessarily dangerous, or for still some other reason; but for whatever purpose it may have been introduced, we do not think it could have prejudiced the substantial rights of the plaintiff.

The plaintiff also claims that the court below erred in giving to the jury the instructions numbered 7, 8, 8½, 9, 11, 13, and 15.   He claims that by these instructions "the jury were instructed in effect that to enable the plaintiff to recover they must find that the work done from which the damage resulted must be in itself dangerous, and likely to produce injury, *however carefully done*, or that there must be a want of ordinary care in its performance."   The portion of this instruction of which the plaintiff complains, we have put in italics.   Two of the instructions given are in substance nearly as claimed by the plaintiff; perhaps, however, not quite so objectionable, but still possibly open to some slight criticism.   We think, however, under the circumstances of this case, that the objectionable portions of the instructions were wholly immaterial; for there was nothing in the case that showed that the removal of the building required anything more than ordinary care in its removal.   The two buildings were situated on opposite sides of the same street, and nearly opposite to each other.   The width of the street is not shown, but presumably it was wide enough to permit the Woodford Brothers' building to be removed without

danger to Osborn's building.  But if it was not, the burden
of proving that it was not, rested upon the plaintiff.  The
Woodford Brothers' building was to be removed to some
point not shown by the evidence.  And here again the
burden of proof as against the Woodford Brothers rested
upon the plaintiff.  There was no evidence tending to show
that the mere removal of the building, if properly done,
would have placed Osborn's building in danger.  The
Woodford Brothers' building was moved by Jones and Werts
into the street, and nearly opposite Osborn's building.  One
of the chains which Jones and Werts used in moving the
building was old and much worn, and was not sufficient for
the purpose for which it was used, and while they were
using it a link was broken, and was thrown with great force
through the plate-glass window of Osborn's building, and
by this means the injury was done of which the plaintiff,
Osborn, now complains.  If a proper chain had been used,
evidently no injury or loss would have occurred.  We think,
by the exercise of ordinary care and diligence on the part of
Jones and Werts, no injury would have occurred, and Osborn
would not have sustained any loss; hence we think that the
objectionable portion of the instructions complained of is
wholly immaterial, under the circumstances of this case.

As before stated, the removal of the building was not of
itself dangerous, nor likely to produce the injury complained
of to Osborn's building.  In our opinion, however, the
jury erred in not finding in favor of the plaintiff and against
Jones and Werts; for we think they were guilty of negli-
gence in not using a better chain.  But that is a pure ques-
tion of fact, which has been settled by the trial court and
jury, and we cannot now reverse their decision upon it.  And
we are not asked to reverse such decision.  We are not asked
to reverse the judgment of the court below upon the facts,
but are asked to reverse it only because of the foregoing al-
leged errors in admitting certain evidence and in giving the
foregoing instructions.  Therefore, while we think the ver-
dict of the jury is erroneous, as between the plaintiff and

Jones and Werts, yet we cannot rectify it. As between the plaintiff and the Woodford Brothers, we think the verdict of the jury is right. It is probable that if the Woodford Brothers had not been included in the action, or if such a persistent effort had not been made to obtain a verdict and judgment against them, the jury would have found a verdict against Jones and Werts. The jury probably became bewildered and confused by the persistent effort made to obtain a verdict against persons who were not liable.

Failing to perceive any material error of the trial court affecting prejudicially the substantial rights of the plaintiff, the judgment of the court below will affirmed.

All the Justices concurring.