HIRAM STOUT V. S. S. BAKER, *Sheriff, &c.*

1. OBJECTIONS TO EVIDENCE; *General Rule.* The general rule is, that objections to evidence must state specifically the grounds of the objection, and when no grounds are stated, it is not error in the trial court to overrule such objections.

2. JUDGMENT AGAINST PARTNERS; *What Property May be Sold on Execution.* Two persons were sued as partners, and judgment rendered against them in their partnership name, but both were served with the summons, and both appeared in the suit. *Held,* That such judgment is joint and several, and on an execution issued upon it, the officer holding the execution may lawfully seize and sell the partnership property of both, or the individual property of either of the defendants.

*Error from Kingman District Court.*

REPLEVIN by *Stout* against *Baker,* as sheriff of Kingman county. Judgment for defendant at the April Term, 1883. Plaintiff brings the case to this court. The opinion contains the material facts.

*John E. Lydecker,* and *Misner & Patten,* for plaintiff in error.

*Gillett & Raymond,* for defendant in error.

The opinion of the court was delivered by

HURD, J.: Devier and Blackburn recovered a judgment in the district court of Kingman county, on the 23d day of October, 1882, against Stout & Wingert, by their partnership name, for $90.74 and costs of suit. Execution was issued on this judgment to the defendant in error, as sheriff of Kingman

8 — 32 KAS.

county, under which he levied on and took into his possession the buggy in controversy in this suit.

The plaintiff in error commenced suit in a justice's court, filed his affidavit and bond for a delivery of the buggy to him, and the justice issued the proper process, and by virtue thereof the buggy was taken from the defendant and delivered to the plaintiff. The bill of particulars in this suit in the justice's court states that —

"S. S. Baker, sheriff, on the 13th day of March, 1883, did levy on a certain phaeton buggy or wagon as the property of Stout & Wingert, according to an execution, (a copy of which is hereto attached marked 'Exhibit A,') but is the individual and private property of the plaintiff herein; and that said buggy or wagon is exempt from levy on execution or writ of attachment; and that the plaintiff has been damaged in the premises to the amount of ten dollars, for which he prays judgment."

On the trial the justice of the peace rendered judgment in favor of the plaintiff for the possession of the buggy and costs of suit. The defendant appealed from the judgment to the district court of Kingman county.

At the April term, 1883, of the said district court, the cause was tried by the court without a jury, and the court made general findings in these words:

"The court, after hearing the evidence and argument of counsel, does find that the right of property and of possession thereof as set out in the plaintiff's petition, was in the defendant at the commencement of the action, and that the value thereof was one hundred dollars."

And then rendered judgment on these findings against the plaintiff, for the return of the property in dispute to the defendant, and if return could not be had, then for its value in the sum of one hundred dollars and costs.

The plaintiff filed his motion for a new trial, which was overruled, and he made his case for this court, and brings the cause here by petition in error. He brings up a record of all the evidence and proceedings in the cause.

The plaintiff below excepted to the overruling of his motion for a new trial, but took no exception to the findings or

judgment. The findings and judgment are fully warranted by the evidence, and we are unable to see how the court could have made any different findings, on the evidence presented. The plaintiff in error in his brief, presents two points for a reversal of the judgment. The first is, that the court erred in admitting evidence over his objections. The only evidence we can find in the record, objected to, is evidence given by the defendant in his own behalf. No grounds of objection thereto were stated. The general rule is, that the trial court is not bound to regard such objections, and may properly overrule them. (*Humphrey v. Collins*, 23 Kas. 549, and cases there cited.) The evidence offered and given, which was so objected to, was pertinent to the issues made by the pleadings, and we are unable to see any legal objection to it.

The second objection is, that under the judgment and execution against Stout & Wingert as partners, the individual property of the plaintiff in error could not be legally seized. We doubt whether this question can properly arise under the evidence. On the trial, plaintiff proved the judgment under which the execution was issued, and the execution and the defendant's proceedings thereunder, indorsed thereon, but he failed to prove that the buggy was his individual property, or that he was in possession of it, or that he was at the time of the commencement of the suit, or at any other time, entitled to the possession of it. His evidence failed to make out his case, and the defendant was entitled to the findings made by the court on the evidence of the plaintiff alone.

Assuming that the second point can be and is properly raised, we need only say in answer to it, that the record shows that the summons in the suit was served on both defendants, : .id that the return of the service shows the full names of ` `. and the plaintiff by his full name was one of the de- ? :nts served. Both defendants appeared in the suit in the district court. By such service and appearance, both of the defendants are individually, as well as partners, bound by the judgment. (Freeman on Judgments, § 50a.)

These defendants were jointly and severally liable on this

judgment, (Comp. Laws, 1879, ch. 21, § 4,) and we think an execution on it might be legally levied upon the partnership property of both, or the individual property of either. (*Read v. Jeffries*, 16 Kas. 534.)

We find no error in the rulings of the court, and the judgment is affirmed.

All the Justices concurring.