No. 46,947

STATE OF KANSAS, *Appellant*, v. NORMAN D. CHITTENDEN, *Appellee*.

(510 P. 2d 152)

Opinion filed May 12, 1973.

*Lawrence P. Ireland*, assistant county attorney, argued the cause, and *Vern Miller*, attorney general, and *Gene M. Olander*, county attorney, were with him on the brief for the appellant.

*Michael J. Schenk*, of Marshall, Hawks, McKinney & Hendrix, of Topeka, argued the cause, and *J. Roger Hendrix*, of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This appeal, pursuant to K. S. A. 1972 Supp. 22-3602, arises on the state reserved question whether a second *Miranda*-type warning of constitutional rights is required to be given to a suspect at a later stage of the investigation of a single incident. Trial court held defendant's confession at his second interview was inadmissible because *Miranda* warnings were not repeated.

Defendant was the only suspect in the alleged crime of taking indecent liberties with a minor, prohibited by K. S. A. 1972 Supp. 21-3503. On January 16, 1972, at Topeka police headquarters, he was told his constitutional rights and questioned. He made a statement denying any part in the incident and was released without any charges filed against him. Defendant had indicated his willingness to take a polygraph examination and returned to police headquarters January 19, 1972, for the test.

The polygraph operator advised defendant the examination was not mandatory and in the event he changed his mind about submitting to it his refusal could not be used as an admission of

guilt. No constitutional rights were read, or warnings given, to defendant. Before the test was begun, defendant confessed his part in the incident and was then charged with taking indecent liberties with a child. The polygraph test was not given.

After a *Jackson v. Denno* hearing, the trial court held the confession inadmissible because defendant had not been read his constitutional rights and had not been given *Miranda*-type warnings January 19, 1972, prior to making his confession. The state took exception to that ruling, reserving it for appeal. The jury found defendant not guilty and this appeal was taken by the state.

Defendant cannot be retried and any ruling we might make would not affect him. The purpose of allowing appeal on questions reserved by the state is not to point out error in criminal trials, but to give the bench, bar, and public the benefit of this court's opinion on questions of statewide interest, usually the interpretation of statutes. (*State v. Glaze*, 200 Kan. 324, 436 P. 2d 377; *State v. Kopf*, 211 Kan. 848, 508 P. 2d 847.) We find no question of statewide interest and applicability involved here. Our opinion would be applicable only to an identical set of facts, a highly unlikely future occurrence.

Every situation involving the questioning of suspects and giving of *Miranda*-type warnings is unique and the variation of details is endless. Each must be handled by the police and courts on an individual basis and not according to a mechanical or pat formula. Our opinion in this case would not be instructive outside the framework of this particular set of facts and the appeal is accordingly dismissed.