No. 47,544

State of Kansas, *Appellant,* v. V. F. W. Post No. 3722, *Appellee.*

(527 P. 2d 1020)

Opinion filed November 2, 1974.

*Patrick L. Connolly,* assistant attorney general, argued the cause, and *Vern Miller,* attorney general, and *William F. Grant,* assistant attorney general, were with him on the brief for the appellant.

*Fred D. Swoyer,* of Swoyer & Simms, of Belleville, argued the cause, and *Douglas G. Simms,* of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

Fromme, J.: The state appeals pursuant to K. S. A. 1973 Supp. 22-3602 on two questions of law reserved in a criminal prosecution. The charge filed was for possession of illegal gambling devices. Defendant was acquitted and the guilt or innocence of the defendant is no longer an issue. The defendant, V. F. W. Post No. 3722 of Belleville, Kansas, admitted possession of three slot machines but defended under K. S. A. 1973 Supp. 21-3203 (2). The statute provides:

"(2) A person's reasonable belief that his conduct does not constitute a crime is a defense if:

"(a) The crime is defined by an administrative regulation or order which is not known to him and has not been published in the Kansas administrative

regulations or an annual supplement thereto, as provided by law; and he could not have acquired such knowledge by the exercise of due diligence pursuant to facts known to him; or

"(b) He acts in reliance upon a statute which later is determined to be invalid; or

"(c) He acts in reliance upon an order or opinion of the supreme court of Kansas or a United States appellate court later overruled or reversed;

"(d) He acts in reliance upon an official interpretation of the statute, regulation or order defining the crime made by a public officer or agency legally authorized to interpret such statute."

The case was tried to the court and at the close of all evidence the court ruled that a proper defense had been established under paragraph (2) sub-paragraph (d) of the statute. The court found the V. F. W. Post had a reasonable belief its conduct did not constitute a crime because the Post installed the slot machines on its premises after the District Court of Allen County, Kansas, had ruled that slot machines were included under the bingo exception of K. S. A. 1973 Supp. 21-4302.

The bingo exception mentioned above provided that a bet for gambling purposes does not include a bingo game "or a game of chance with comparable characteristics" when it is being operated by an organization, such as a V. F. W. post, when no part of the gross receipts inures to the benefit of any of the members or employees of the organization. The Allen county court held that slot machines were games of chance with comparable characteristics. That decision was pending on appeal when the present prosecution was initiated in Republic County. The Allen county decision was overturned by this court in *State v. Nelson,* 210 Kan. 439, 502 P. 2d 841. In *Nelson* this court held that the bingo exception was unconstitutional and that possession of a gambling device, such as a slot machine, was a crime under K. S. A. 1973 Supp. 21-4307 regardless of whether possession was by an organization or an individual.

Before proceeding further we should consider a motion to dismiss this appeal which appellee filed. It is based on the ground the state failed to properly reserve the questions for appeal to this court. The appellee contends no proper foundation was laid by the state during the trial because it failed to object to that theory of the defense and permitted evidence to be introduced without objection. It was not until the court held the defense had been established under the statute (K. S. A. 1973 Supp: 21-3203 [2] [d]) that the state announced its intention to reserve the questions for appeal.

In this state an appeal by the state in a criminal case is a matter of right under K. S. A. 1973 Supp. 22-3602. No formal procedural steps are required by the statute to perfect the right. A question reserved, however, must be one which calls for an answer which will aid in the correct and uniform administration of the criminal law. (*State v. Glaze*, 200 Kan. 324, 436 P. 2d 377.) A question reserved by the state will not be entertained on appeal merely to demonstrate errors of a trial court in rulings adverse to the state. (*State v. Chittenden*, 212 Kan. 178, 510 P. 2d 152; *State v. Kopf*, 211 Kan. 848, 508 P. 2d 847.) The state is required to bring a sufficient record to this court to permit review. (*State v. Mitchell*, 143 Kan. 322, 54 P. 2d 917.) This requires proper and timely objections be lodged, the trial court be advised of the basis for the objections and the appeal be properly perfected. (*State v. Simpson*, 169 Kan. 527, 531, 220 P. 2d 175.)

In the present case the objections were made to the trial court's interpretation of statutes. Sufficient evidentiary background appears both in the evidence and in the findings of the trial court to properly review these questions. The bases for the state's objections were explained by the state in the trial court. The statutes have not previously been construed by this court. This court's interpretation of the statutes should aid in the correct and uniform administration of the criminal law in Kansas. The motion to dismiss the appeal is denied.

A primary rule for the construction of a statute is to find the legislative intent from the language, and where the language used is plain and unambiguous and also appropriate to an obvious purpose the court should follow the intent as expressed by the words used. (*City of Overland Park v. Nikias*, 209 Kan. 643, 498 P. 2d 56.) The intention of the legislature is to be determined, not from any single paragraph of the act but from a general consideration of the act as a whole. All of the material parts of the same act and all of its provisions or paragraphs must be construed as bearing upon the purpose for which the act was passed. (*Greenwood v. Estes, Savings & Loan Commissioner*, 210 Kan. 655, 504 P. 2d 206.)

The provisions of K. S. A. 1973 Supp. 21-3203 were enacted in 1969 as part of the Kansas Criminal Code. The notes following this section indicate the statute may have been taken from the Illinois Criminal Code. We find no case law in Illinois which bears upon a construction of this particular statute.

We turn now to the statute under consideration. Paragraph (2) of 21-3203, *supra,* provides that a person's reasonable belief that his conduct does not constitute a crime is a defense if such belief was a result of any one of four situations. The first (sub-paragraph [a]) is when the crime is proscribed in an unpublished administrative regulation of which defendant had no knowledge. The second (sub-paragraph [b]) is when the defendant has acted in reliance upon a statute which is later declared invalid. The third (sub-paragraph [c]) is when the defendant has acted in reliance upon a court decision. The fourth (sub-paragraph [d]) is when the defendant has acted in reliance upon an official interpretation of a statute made by a public officer or agency legally authorized to interpret the statute, regulation or order. This summary is meant only to give an overview of paragraph (2).

In our present case the district judge in applying sub-paragraph (d) reasoned as follows: A public officer is defined in the general definition section of the Kansas Criminal Code (21-3110) to include a judicial officer. A judicial officer by definition includes any judge, justice of the peace or other magistrate, juror, master or any other person appointed by a judge or court to hear or determine a cause or controversy. Under the general definition section of the Kansas Code of Criminal Procedure (22-2202) a magistrate includes a judge of the district court. The judge of the district court of Allen county was called upon and was legally authorized to interpret the bingo exception statute while trying the case of *State v. Nelson,* supra. His interpretation of that statute placed slot machines within the bingo exception as being games of chance with comparable characteristics. Under such interpretation a V. F. W. post could legally install and possess slot machines. The defendant acted in reliance on that decision believing its conduct did not constitute a crime.

Such reasoning appears on the surface to be entirely logical. But the state points out that reliance upon the opinion or decision of a court is covered by sub-paragraph (c) of the act and is limited to opinions of the Supreme Court of Kansas and those of a United States appellate court. If sub-paragraph (d) is interpreted to include opinions and orders of all magistrates and judges, as interpreted by the district court of Republic County, the reasoning would extend this defense to reliance on decisions of magistrates and judges of every court in this state. Accordingly the apparent limitations in

sub-paragraph (*c*) of the statute (decisions of the supreme court and of the federal appellate courts) would become useless and meaningless.

Our job of construing these provisions in a harmonious fashion is not without difficulty. When a statute is susceptible to more than one construction, it must be given that construction which, when considered in its entirety, gives expression to its intent and purpose, even though such construction is not within the strict literal interpretation of the statute. (*Barten v. Turkey Creek Watershed Joint District No. 32*, 200 Kan. 489, Syl. ¶ 2, 438 P. 2d 732.) We note that although a public officer may include a district judge, under the definition sections of the codes, such a construction need not be applied "when a particular context clearly requires a different meaning." This is pointed out in the first paragraph of K. S. A. 1973 Supp. 21-3110 and in K. S. A. 1973 Supp. 22-2201 (1).

In *Jennings v. Jennings*, 211 Kan. 515, Syl. ¶ 11, 507 P. 2d 241, the rule is stated that it is the duty of courts to reconcile various provisions of a statute in order to make them consistent, harmonious and sensible, if that can be done without doing violence to plain provisions therein contained.

In researching the law in other jurisdictions we find that the defense of reliance upon judicial decision generally is limited to decisions of courts of last resort such as the United States Supreme Court and the state supreme courts. (See 22 C. J. S., Criminal Law, § 48, p. 183; and 49 A. L. R. 1273, for cases reviewed therein.) In *State v. Striggles*, 202 Iowa 1318, 210 N. W. 137, 49 A. L. R. 1270, it is said:

". . . There is no case cited, nor can we find one, on diligent search, holding that the decision of an inferior court can be relied on to justify the defendant in a criminal case in the commission of the act which is alleged to be a crime . . . we refuse to hold that the decisions of any court below, inferior to the Supreme Court, are available as a defense, . . ." (p. 1320.)

In the recent case of *State v. Einhorn*, 213 Kan. 271, 515 P. 2d 1036, this court states:

". . . The statutory exemption for mistake of law applies only to a defendant's case done in reliance upon statutes, orders or opinions of the state supreme court or United States appellate court later overruled or reversed. . . ." (p. 275.)

In examining our opinion in *Einhorn* we find that although the defense urged by defendant was ignorance or mistake of law such defense was not based upon 21-3203 (2) and the statement above

quoted may not have been necessary to arrive at the ultimate decision in that case. However, after considering all four sub-paragraphs of 21-3203 (2) in relation to each other and applying the rule of statutory construction which requires this court to reconcile the four provisions to make them consistent, harmonious and sensible, we feel the statement in *Einhorn* was correct when applied to a defense urged under paragraph (2) of 21-3203.

Sub-paragraph (*d*) refers to "an official interpretation of the statute, regulation or order" which expression would seem to apply to cases involving executive action such as opinions of the attorney general and of the heads of other enforcement agencies. A person who relies upon such official interpretations should not be subjected later to criminal prosecution when the same or different officers in the department or agency reverse a previous position announced by their departments. Sub-paragraph (*d*) would therefore seem to have the effect of recognizing an estoppel against prosecutions initiated as a result of a change of official interpretation which would govern department policy on enforcement provisions of laws and regulations.

The context in which the term "public officer" is used in sub-paragraph (*d*) of 21-3203 (2) clearly requires a different meaning than that ascribed in the definition section of the codes and we hold that judges and magistrates are not included thereunder. To hold otherwise would bring confusion into this area of the law by permitting reliance upon decisions of the various lower courts of this state when such decisions are not final and might be in conflict with the decisions of judges in other locations within the state.

Accordingly, under the provisions of K. S. A. 1973 Supp. 21-3203 (2) a person's belief that his conduct does not constitute a crime because of reliance on a court decision is a defense only when he has relied on a decision of the Supreme Court of Kansas or of a United States appellate court later overruled. Such relief is not a defense when reliance is based on decisions of the various district, county and other lower courts of the state.

The second question reserved concerns the contents of three slot machines which were seized by the state. The slot machines contained $77.35. K. S. A. 1973 Supp. 22-2512 provides in pertinent part:

". . . When property seized is no longer required as evidence, it shall be disposed of as follows: (1) . . . (2) Money shall be restored to the owner unless it was contained in a slot machine or otherwise used in unlawful

gambling or lotteries, in which case it shall be forfeited, and shall be paid to the county treasurer. . . ."

Although it was not alleged the agents' entry into the club was unlawful or that the seizure of the slot machines was improper, the trial court determined that the money found in the slot machines should be returned to V. F. W. Post No. 3722. This determination was obviously based on the fact that the defendant was acquitted of the offense. It is true the defendant was acquitted and cannot again be put in jeopardy for the offense but the trial court failed to consider the specific statutory mandate contained in the above statute. In the absence of any showing that a slot machine containing money was seized in violation of constitutional guarantees against unlawful search and seizure the state is entitled to an order carrying out the provisions of 22-2512, *supra*, which directs that the money taken from slot machines be paid to the county treasurer and it is so ordered.

The question of the legality of such a search and seizure, although not presented here, is considered in *State v. Dailey*, 209 Kan. 707, 498 P. 2d 614.

The appeal by the state is sustained on both questions reserved.