(576 P.2d 239)
No. 49,280

CITY OF SHAWNEE, KANSAS, *Appellee,* v. JOHN J. GRUSS, *Appellant.*
Petition for review denied April 28, 1978.

Opinion filed March 24, 1978.

*David R. Gilman* and *J. Steven Schweiker,* of Overland Park, for the appellant.
*James T. Wiglesworth,* assistant city attorney, for the appellee.

Before SWINEHART, P.J., REES and SPENCER, JJ.

SWINEHART, J.: The appellant, John J. Gruss, was convicted in the Municipal Court of Shawnee, Kansas, of driving under the influence of intoxicating liquor. He appealed to the district court, where his case was tried *de novo* to a six-member jury. He appeals the jury's verdict.

At the trial, breathalyzer test results showing that the appellant's blood alcohol content was .11 percent were admitted over his objections. K.S.A. 8-1005 states that a blood alcohol content of .10 percent by weight establishes a presumption of intoxication. The only question on appeal is whether the trial court erred in admitting the breathalyzer test results.

The appellant argues that the admission of the breathalyzer results constituted prejudicial error. The testimony presented at trial showed some evidence of intoxication other than the breathalyzer results (*i.e.,* erratic driving, belligerent behavior, and name-calling). Under the facts and circumstances of the case, we concur with the appellant that the admission of the test results

would be prejudicial if it was erroneous; however, for reasons discussed below, we find that the trial court did not err in admitting the breathalyzer results.

The appellant contends that the breathalyzer evidence was incorrectly admitted because the City of Shawnee failed to lay a proper foundation. He attacks the sufficiency of the foundation testimony on the following grounds:

(1)   The breathalyzer operator failed to examine the appellant's· mouth for foreign substances prior to the test;

(2)   the operator failed to observe the appellant for a period of twenty minutes immediately prior to the test;

(3)   the operator was not qualified to administer the test;

(4)   the machine was not properly certified;

(5)   the test ampoule was not properly certified as containing the correct chemical compound; and

(6)   the appellant was denied a reasonable opportunity to have an additional chemical test by a physician of his own choosing.

K.S.A. 1977 Supp. 65-1,107 authorizes the secretary of health and environment to promulgate rules and regulations affecting breath testing, including testing procedures and certification, and periodic testing of operators and machines. Those guidelines are found at K.A.R. 1977 Supp. 28-32-1, *et seq.* Briefly summarized, the regulations require initial inspection of the testing machine for accuracy with yearly testing and certification thereafter, and initial training of operators with periodic proficiency testing and yearly certification. The regulations also require that breath testing machines be operated strictly in accordance with the manufacturer's operational manual. Summers, a chemist with the Kansas Department of Health and Environment, and Officer Morris, who administered the breath test, both testified concerning the requirements contained in the manufacturer's checklist for the Smith Wesson 900A, which was used to test the appellant's breath. The checklist requires that the test subject be observed for a twenty-minute period during which time he must not belch, regurgitate or ingest any substance. Belching, regurgitating or ingesting within twenty minutes of the breath test could substantially affect the test results, according to their testimony.

The facts important to the determination of this appeal occurred during the time span from the arrival of the appellant at the Shawnee Police Department through his taking of the test.

The appellant was divested of his personal property upon arrival at the police station. After preliminary questioning for purposes of police records, he was placed in the drunk tank where he remained, with the exception of two or three times when he was permitted to make phone calls in the hall to his wife and to his attorney. There was no water fountain in the drunk tank. The telephone was out of the sight of the officers who gave the test; however, they testified that the area did not contain a water fountain. The undisputed testimony was that the officers did not visually inspect the appellant's mouth for foreign substance, but they did testify that, during the twenty-minute observation period, he did not belch, regurgitate or ingest any substance.

Considering first the appellant's contention that the test results were inadmissible because he was not observed for a twenty-minute period prior to testing, we find that there was a conflict in the testimony regarding this fact. The appellant testified that he was observed for less than ten minutes. The officer testified that he observed the appellant for twenty minutes before testing him. Although we agree with the appellant that failure to observe the test subject for twenty minutes before administering the test would invalidate the results, the question of whether the appellant actually was observed for twenty minutes is a question of fact to be resolved by the trial court. The officer's testimony that he did watch the defendant for twenty minutes constitutes substantial, competent evidence supporting that finding of fact and it, therefore, will not be disturbed on review.

Considering next the appellant's contention that the officer did not inspect his mouth for foreign substance, we find the argument to be without merit. The officer's testimony that the appellant did not belch, regurgitate or ingest any substance during the twenty-minute observation period creates a *prima facie* showing that he had no foreign substance in his mouth at the time of testing. The appellant presented no evidence to rebut that showing.

The appellant also challenges the qualifications of the operator and the breathalyzer machine. It is sufficient to say that the Kansas Department of Health and Environment has established a program for certifying breath testing machines and operators. Both the operator and apparatus in question were currently certified at the time the appellant was tested. The current certification, in addition to the officer's testimony that he had passed all of

the periodic proficiency tests required (which measure both his proficiency and the machine's accuracy), shows the appellant's argument to be without merit.

Appellant argues that the test ampoule was not shown to contain the proper chemical compound. The ampoule used was shown to be part of a lot spot-checked and certified to contain the proper chemicals by the Wisconsin Alumni Research Foundation. It is impossible to require more, for once an individual ampoule is opened for testing it cannot be resealed. The ampoule was shown to have been properly certified and, therefore, the appellant's allegation of error is without merit.

The appellant's final argument is that the test results should have been excluded because he was not notified of his right to have an independent blood alcohol test conducted by a physician of his own choice under K.S.A. 8-1004. Significantly, the statute does not require police officers to inform an individual of this right. The reasoning of the Kansas Supreme Court in *Hazlett v. Motor Vehicle Department,* 195 Kan. 439, 407 P.2d 551, is persuasive. There, the court declined to add by judicial gloss the requirement that police officers inform a person who refuses to submit to chemical testing for intoxication that his refusal will result in an automatic suspension of his driver's license under K.S.A. 8-1001. Here, the appellant had the benefit of an attorney's advice concerning the test. Never having asked to take an independent test, he will not now be heard to allege error.

Judgment affirmed.