No. 68,899
69,014

CITY OF OVERLAND PARK, KANSAS, *Appellant,* v. MITCHELL
CUNNINGHAM AND GARY DAHN, *Appellees*.

(861 P.2d 1316)

Opinion filed October 29, 1993.

*Steven A. Jensen*, assistant city attorney, argued the cause, and *Sue A. Dickey*, assistant city attorney, was with him on the brief for appellant.

No appearance by appellees.

The opinion of the court was delivered by

ABBOTT, J.: This is an appeal by the City of Overland Park. The issue is whether the trial judge erred by refusing to admit

into evidence the breath alcohol concentration (BAC) test results in two separate DUI trials.

In separate cases, Mitchell Cunningham and Gary Dahn were convicted in the Overland Park municipal court of operating a motor vehicle while under the influence of alcohol and of speeding. Cunningham and Dahn appealed their convictions to the district court. The cases were tried de novo to the bench and, in both cases, different pro tem trial judges sustained the defendants' insufficient foundation objection to admission of the BAC test results. Both Cunningham and Dahn were acquitted of operating a motor vehicle while under the influence of alcohol.

The City of Overland Park appealed in both cases, alleging it reserved questions for appeal pursuant to K.S.A. 22-3602(b)(3). The question it seeks to present on appeal is whether an objection for "lack of foundation" is sufficient when a request for a more specific objection is made. In addition, the City argues it introduced evidence meeting the foundation elements required for admissibility of the BAC test results and the trial court improperly enlarged the scope of the foundation required for the admission of the BAC test results.

In *State v. Crozier*, 225 Kan. 120, 123-24, 587 P.2d 331 (1978), we summarized a long line of cases dealing with questions reserved, stating:

"The third situation where the prosecution is afforded an appeal after final judgment in a criminal case is upon a question reserved by the prosecution provided for in K.S.A. 1977 Supp. 22-3602(b)(3). It has been held that a question reserved must be one which calls for an answer which will aid in the correct and uniform administration of the criminal law. *State v. Glaze*, 200 Kan. 324, 436 P.2d 377 (1968). A question reserved by the state will not be entertained on appeal merely to demonstrate errors of a trial court in rulings adverse to the state. *State v. V.F.W. Post No. 3722*, 215 Kan. 693, 695, 527 P.2d 1020 (1974); *State v. Chittenden*, 212 Kan. 178, 510 P.2d 152 (1973). No formal procedural steps are required by K.S.A. 1977 Supp. 22-3602(b) to appeal on a question reserved. All that is necessary for the state to do to reserve a question for presentation on appeal to the supreme court is to make proper objections or exceptions at the time the order complained of is made or the action objected to is taken. *State v. Marek*, 129 Kan. 830, 834, 284 Pac. 424 (1930)."

All the State must do to reserve a question for appeal, then, is lay the same foundation for appeal that a defendant is required to lay.

In the *Dahn* trial in the district court, counsel for the City voluntarily told the trial court she would not inquire further and made no effort to present the evidence the trial judge stated was necessary to lay a proper foundation for admission of the BAC test. Counsel failed to properly reserve the question for appeal.

Based on the record before us, we dismiss the *Dahn* appeal. That is of no significance because the exact issues are raised in the *Cunningham* appeal.

We do comment that both appeals involve acquittals. An acquittal is final and not appealable; however, the State may appeal a question reserved in those special circumstances when the question reserved calls for an answer which is both of statewide interest and vital to a correct and uniform administration of the criminal law. *State v. Crozier*, 225 Kan. at 122-23. At first glance, it would appear that ample case law exists concerning laying a proper foundation for the admission of BAC test results. However, we have never written on the main issue reserved in this case, and it would be difficult, if not impossible, for the issue concerning a request for a more specific objection to foundation evidence to come before this court other than by a question reserved. We therefore accept the question reserved.

The City contends a general objection to foundation is insufficient if a request for a more specific objection has been made, as the City maintains happened in the *Cunningham* case. The City attempted to admit evidence of the defendant's BAC test results through testimony, exhibit, or both. The defendant objected on the ground of insufficient foundation, and the objection was sustained. Because it believed the foundation requisites had been satisfied, the City asked the trial judge to require the defendant to state with specificity the alleged defect in the City's foundation for admitting BAC test results. The trial judge refused to do so.

The trial judge did have defense counsel "write out such specific objections" and hand them to the trial judge. The trial judge stated, "I'll make my ruling based on his written objections." The trial judge did view the written objections when they were submitted and advised there were four objections submitted and stated: "They're actually in excess of what I was considering and I think they're valid objections. They're still sustained at this

time." The City was not given a copy of the written objections and was not told what the written objections were until both sides had rested.

The propriety of receiving written objections and considering them in court rulings is not before us, but we feel compelled to comment on the use of such a procedure. Except as authorized by law, a judge is forbidden to initiate or consider ex parte or other communications concerning a pending or impending proceeding. Rule 601, Canon 3A(4) (1992 Kan. Ct. R. Annot. 348). A judge clearly violates the ex parte communication prohibition if he considers an ex parte communication from a party or lawyer in a pending proceeding or initiates such communication.

In the case of *In re Dekle*, 308 So. 2d 5 (Fla. 1975), a Florida Supreme Court Justice received a legal memorandum from the attorney for one party. The legal memorandum had not been filed with the court, and other counsel in the case were not aware the memorandum had been furnished to the justice. The justice used the memorandum in preparing his opinion. The court said that even if there is no actual harm to the other party, a judge who intentionally commits an act which the judge knows or should have known is prohibited is guilty of misconduct. The court reprimanded Justice Dekle and added that removal from office would be proper if there was a clear showing of corrupt motive or a deliberate wrong. As noted above, this issue is not before us at this time, but we include it for the purpose of instructing trial judges that such a procedure is not to be used.

The City maintains "[i]t is settled law that *general* foundation objections are not favored in law and should not be allowed." Much of the authority the City cites does not discuss foundation objections specifically, but addresses general versus specific objections. The City errs in equating an objection alleging insufficient foundation with a general objection. See 1 McCormick on Evidence § 52, p. 206 (4th ed. 1992) ("Examples of general objections are 'I object,' or objections on the ground that the evidence is 'inadmissible,' 'illegal,' 'incompetent,' or is not proper testimony for the jury; or an objection 'on all the grounds ever known or heard of.' One of the most overworked forms is an objection on the ground that the evidence is 'incompetent, irrelevant and immaterial.' "); see also *Osborn v. Woodford Bros.*,

31 Kan. 290, 296, 1 Pac. 548 (1884) (unless the objecting party states a reason, a trial court should not sustain an objection to all of a particular witness' testimony); *Johnston v. Clements,* 25 Kan. 376, Syl. ¶ 4 (1881) (a trial court will not entertain an objection based upon " 'all the grounds ever known or heard of' "). An objection for lack of sufficient foundation is considered a specific objection.

"The general rule is, that objections to evidence must state specifically the grounds of the objection." *Stout v. Baker, Sheriff,* 32 Kan. 113, Syl. ¶ 1, 4 Pac. 141 (1884). What remains of the City's contention is how specific must a specific objection be.

"Endless cases discuss the need for specific objections and the inapplicability of a wrong objection which has been urged. However, the cases are scarce which attempt to define how specific and detailed an objection must be when the objection is directed to the right ground but is ambiguous as to its precise application. . . .

"There is a good deal of latitude in determining which words make clear, and which expressions leave obscure, the reason for which an objection is made. In the brief time that is available for a timely objection the objecting process is frustrating in many situations. A counsel may sense that a question is objectionable but what is wrong and how to name it creates a double confusion. There is no answer to the problem except to realize that the thing that is wrong must be something very specific and that if it is discovered, any words which describe the objectionable element will meet the requirement of an objection. The use of all rules of exclusion requires a knowledge of the reason for the rules and this understanding is about the only source of discovery of an objection and how to make it." Ladd, Objections, Motions and Foundation Testimony, 43 Cornell L. Q. 543, 554-55 (1958).

With regard to specificity, this court has held: "The objections to testimony offered should be distinctly pointed out in order that the court may rule intelligently upon them, and unless this is done they are not entitled to consideration upon a review." *Howard v. Howard,* 52 Kan. 469, Syl. ¶ 4, 34 Pac. 1114 (1893). "An objection to the introduction of evidence must be so specific that the court may know from the objection what the question is which it is called upon to decide." *Humphrey v. Collins,* 23 Kan. 549, Syl. (1880).

The City maintains that an objection based upon insufficient foundation is not specific enough. Our attention is directed to a reference manual for trial judges published under the auspices

of the National Judicial College, which is affiliated with the American Bar Association. See Richter, Evidentiary Trial Objections with Case Illustrations (1984). Kansas has a long history of sending its trial judges to the National Judicial College for training and over the years has had a number of our trial judges serve on the faculty. Relying upon *Public Finance Co. v. Van Blaricome,* 324 N.W.2d 716 (Iowa 1982), Judge Richter, now retired, suggests the objection " 'No Proper Foundation,' " alone, is insufficient. Richter, at § 6.5. In *Public Finance Co.,* the plaintiff filed suit, alleging the defendants had defaulted on their financial obligation. In the defendants' answer, they claimed they had never received service of the default notice, which Iowa statutes require before a lawsuit can be filed. When the plaintiff sought to introduce copies of the default notice into evidence during the trial, the defendants objected, asserting the plaintiff had failed to establish a proper foundation. The trial court overruled the objection, and the defendants subsequently were found liable. On appeal, the Iowa Supreme Court stated:

"When a party seeks to exclude evidence, the specific grounds of objection must be indicated to the trial court. This is to alert the court to the question raised and to enable opposing counsel to take proper corrective measures to remedy the alleged defect. [Citation omitted.] This court has held that where the objection to evidence is based on a claim of 'no proper foundation' but does not state in what respect the foundation is lacking, the objection is insufficient to provide a basis for review on appeal. [Citations omitted.]" 324 N.W.2d at 719.

The City also relies upon *Central Steel & Wire Co. v. Coating Research,* 53 Ill. App. 3d 943, 369 N.E.2d 140 (1977), in which the trial court overruled a lack of foundation objection. On appeal, the Illinois appellate court stated:

"[W]here the ground of an objection is of a character that may be obviated or remedied, the party objecting must point out the objection specifically, so as to afford the opportunity to correct it. [Citations omitted.] Since foundation is required where the impeachment is by prior inconsistent statement [citation omitted], and because lack of foundation is a ground of objection which is of a character that might be obviated or remedied, it should have been specifically stated [citation omitted]." 53 Ill. App. 3d at 945-46.

Both *Public Finance Co.* and *Central Steel & Wire Co.* can be distinguished from the instant case. In the former cases the lack

of sufficient foundation objection was overruled; whereas here the insufficient foundation objection was sustained. At least one other court has distinguished between an insufficient foundation objection sustained and overruled. In *State v. Means*, 211 N.W.2d 283, 287 (Iowa 1973), the Iowa Supreme Court commented:

"In considering the sufficiency of an objection [based on lack of foundation] there is a considerable difference when the objection is sustained rather than overruled. If sustained the trial court will be affirmed if the general objection is proper even though the objection is put in a form that is not or would not be sufficiently specific to preserve error for reversal. [Citation omitted.]"

*Cf. Rush v. French*, 1 Ariz. 99, 121, 25 Pac. 816 (1874) ("rulings on the admission of evidence may be reduced to two classes: 1. When the party objecting was overruled and he appeals. 2. When the party objecting was sustained and the other side appeals."); 1 McCormick on Evidence § 52, pp. 207-08 ("If an untenable specific objection is *sustained*, there is authority that the appellate court will uphold the ruling if there is any other ground for doing so, even though not urged below.").

Furthermore, Wigmore disagrees with the rationale that an objection should be specific enough to allow the nonobjecting party the opportunity to cure the alleged defect. Wigmore comments:

"It is often also said the purpose of a specific objection is to supply the opposing party with such information that he may intelligently argue the matter and cure any defect. This theory, however, is mere pretense and is not to be taken seriously since the objector is under no obligation to furnish any explanation whatever if he is fortunate to have a general objection sustained." 1 Wigmore on Evidence § 18, p. 824 (Tillers rev. 1983).

The Cunningham trial judge's rationale follows Wigmore. In refusing to require the defendant to specify why the foundation was insufficient, the judge reasoned:

"In the State of Kansas, all you have to do is state the proper grounds for an objection. And I believe that at this time that has been done. . . .

. . . .

"Problem in this particular case, is I think that [defense counsel is] employed to represent Mr. Cunningham and not the City of Overland Park and [the city prosecutor] is representing the City of Overland Park and not Mr. Cunningham. [Defense counsel] is obviously trying quite hard to keep [the BAC test results] out, and I have a suspicion that that particular bit

of evidence is one that he wants to keep out. But the City, conversely, is trying very hard to get it in. If [defense counsel] were to lay the foundation for the City, he would not be representing his client."

A trial judge has considerable discretion in evidentiary rulings concerning foundation evidence. Judicial discretion cases are not reversed unless judicial discretion is abused. See, *e.g., Falls v. Scott*, 249 Kan. 54, 815 P.2d 1104 (1991); *State v. Woolridge*, 2 Kan. App. 2d 449, 450, 581 P.2d 403, *rev. denied* 225 Kan. 846 (1978). It is impossible to draw a bright line rule concerning a trial court's discretion as to whether an objection to foundation is specific enough. The trial court has considerable latitude, but that latitude is not, and should not be, limitless.

Trial counsel owes an obligation to counsel's client, the court, and the public to be prepared, including being familiar with basic law concerning the case. A trial judge need not reward an ill-prepared lawyer by forcing the opposing attorney to educate an attorney who is not properly prepared on basic evidentiary law. On the other hand, the trial should not be a game, where counsel is forced to guess what the objection is and what the trial court considers is lacking. A balance should be struck. The general rule in Kansas is that a contemporaneous objection must be made and it should be specific enough that the trial judge can rule intelligently upon the objection, and the specific contemporaneous objection must be made known to the opposing counsel when the objection is lodged.

Here, counsel for the City of Overland Park in the *Cunningham* case introduced evidence that the officer administering the test had been trained in the use and operation of the Intoxilyzer 5000 machine used to test Cunningham's BAC level, that he was certified to operate the machine at the time of administering the test and at the time of trial, and that he followed the prescribed procedure for operating the machine at the time of administering the test to Cunningham. The trial judge expressly acknowledged that the machine was certified properly and that the officer was certified to operate the machine. The only remaining foundation requirement is whether the test was conducted in accordance with the operational procedure for the intoxilyzer. There was no evidence to refute the officer's testimony that he followed the prescribed procedure.

"Whether an adequate evidentiary foundation was laid is a question of fact for the trial court and largely rests in its discretion. [Citation omitted.] So long as there is substantial competent evidence to support the finding, it will not be disturbed on appeal." *State v. Lieurance*, 14 Kan. App. 2d 87, 91, 782 P.2d 1246 (1989), *rev. denied* 246 Kan. 769 (1990).

"Testimony which establishes that a breathalyzer test machine has been approved and certified by the State as of the date of the test in question is sufficient foundation testimony to establish validity of test results from the machine."

"Testimony which establishes that the operator of a breathalyzer machine has been certified by the State of Kansas and is presently certified as an operator, and that the test he conducted is in accordance with the operational procedure of said breathalyzer machine is sufficient foundation for the operator's testimony relative to the results of the test." *City of Shawnee v. Gruss*, 2 Kan. App. 2d 131, Syl. ¶¶ 2, 3, 576 P.2d 239, *rev. denied* 225 Kan. 843 (1978).

See *State v. Almond*, 15 Kan. App. 2d 585, 588-89, 811 P.2d 529 (1991); *Lieurance*, 14 Kan. App. 2d 87, Syl. ¶ 5. In *State v. McNaught*, 238 Kan. 567, 581, 713 P.2d 457 (1986), this court adopted the Court of Appeals' holding in *Gruss*.

The City satisfied the foundation requirements, and the officer should have been allowed to testify concerning Cunningham's BAC test result.

Appeal dismissed as to *Dahn*. Appeal sustained as to *Cunningham*.