(259 P.3d 744)
No. 104,623

STATE OF KANSAS, *Appellee*, v. ERIC W. HAMILTON, *Appellant*.

—

Opinion filed July 1 , 2011.

*Michael S. Holland II*, of Russell, for appellant.

*Gaten T. Wood*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREENE, C.J., MALONE and Bruns, JJ.

GREENE, C.J.: Eric W. Hamilton appeals his conviction of driving under the influence of alcohol (2nd offense), arguing that the district court erred in denying a motion to suppress evidence of breath test results due to a lack of foundation. We disagree and affirm Hamilton's conviction.

Hamilton was charged with driving under the influence of alcohol after being arrested and agreeing to a breath test on the Intoxilyzer 8000, which indicated a breath alcohol level of .13. The district magistrate judge found him guilty, but he appealed to the district court and filed a motion to suppress the results of the breath test. Despite Hamilton's challenge to compliance with the protocol for such testing, the district court held that the officer's conclusory statement that he followed the required protocol was sufficient for admission of the test results. Hamilton was then con-

victed on a stipulation of facts, preserving his evidentiary issue for appeal.

The sole issue presented on appeal is whether there was sufficient evidence to establish that the protocol for breath testing had been followed by the officer. There is no argument on appeal of error in the admission of evidence. The relevant testimony cited by Hamilton on his insufficiency argument is as follows:

"Q. Are you trained in the use of the Intoxilyzer 8000 breath machine?

"A. Yes, sir. I'm the trained operator and also the certified custodian for the instrument in question.

"Q. All right. And were, were you, in fact, certified to operate that instrument on August the 2nd of 2009?

"A. Yes, sir, I was.

"Q. I guess my question is: Were you current on that date?

"A. Yes, sir, I was.

"Q. And what is your protocol for operating that machine when you test someone's blood alcohol level?

"A. Well, there's a seven step protocol that we have that's taped to the desk right in there. I followed that seven step protocol.

"Q. All right. And did you in this particular situation follow that seven step protocol?

"A. Yes, sir.

"MR. HOLLAND: Calls for conclusion without foundation.

"THE COURT: Overruled.

"Q. [BY MR. VAN BLARICUM] And did the defendant at any point in the procedure say that he did not want to take that test, or that he refused to take that test?

"A. No, sir, he did not.

"Q. And what was the—did he complete the test then?

"A. Yes, sir, he did.

"Q. And was there any problem in carrying out the full protocol that is reqired?

"A. No, sir.

"Q. Okay. And did he—did his test result appear on a written printout from the machine?

"A. Yes, sir. There were three copies.

"Q. And did the printout indicate that his blood alcohol level then was above the legal limit?"

The district court denied Hamilton's motion to suppress the test results, reasoning as follows:

"The Court would further reject the argument that the results of the Intoxilyzer should be suppressed.

"Trooper Crump testified that he is the officer in charge of maintaining the Intoxilyzer at the Pratt County Law Enforcement Center and that he followed the protocol before administering a breath test to Mr. Hamilton.

"While the State's evidence failed to establish each point of the protocol, for purposes of a Motion to Suppress and in the absence of any evidence to the contrary, the Court will accept the conclusion offered by an experienced officer that he followed the protocol.

"The better course of action would be for the State in its case in chief to establish the foundational details. However, since there was no attempt on cross to challenge the testimony of the officer that he complied with the protocol, the Court would find that the State has met its burden and would deny the Motion to Suppress."

We review a district court's decision to deny a motion to suppress evidence to determine whether the factual underpinnings of the court's decision are supported by substantial and competent evidence. See *State v. Alvidrez*, 271 Kan. 143, 145, 20 P.3d 1264 (2001). When the facts are adequately supported or beyond dispute, we review the court's ruling as a legal question subject to de novo review. *State v. Fitzgerald*, 286 Kan. 1124, 1126, 192 P.3d 171 (2008); *State v. Woolverton*, 284 Kan. 59, 70, 159 P.3d 985 (2007).

Hamilton argues that "the State failed to establish what the protocol was, whether or not the officer followed the required elements of the protocol, and . . . failed to present any evidence to establish [compliance with] any of the particular elements of the protocol." Concluding that we have consistently rejected this argument in prior unpublished opinions, we disagree.

This court has long held that testimony which establishes that the operator of a breathalyzer machine has been certified by the State of Kansas and is presently certified as an operator, and that the test he or she conducted is in accordance with the operational procedure of said breathalyzer machine, is sufficient foundation for the operator's testimony relative to the results of the test. *City of Shawnee v. Gruss*, 2 Kan. App. 2d 131, Syl. ¶ 3, 576 P.2d 239, *rev. denied* 225 Kan. 843 (1978); *overruled on other grounds State v. Bristor*, 236 Kan. 313, 319, 691 P.2d 1 (1984); see *City of Overland Park v. Cunningham*, 253 Kan. 765, 773, 861 P.2d 1316 (1993).

More specifically, this court has often held in unpublished opinions that general testimony from the officer regarding compliance with the breath-testing protocol is sufficient foundation for admission of test results so long as there is no specific evidence of noncompliance with any of the required steps. In *State v. Lukens*, No. 102,343, unpublished opinion filed February 5, 2010, a panel of this court affirmed the district court's denial of an identical motion to suppress. The panel reasoned:

"There was unrefuted testimony from the officer administering the breath test that he followed the prescribed protocol. Lukens does not assert that the Intoxilyzer malfunctioned or that his breath sample was contaminated in any way. He does not argue that the officer failed to comply with the KDHE protocol, but rather that the officer's testimony failed to establish that he did. Evidence that the officer followed the KDHE protocol was admitted, and on appeal Lukens does not argue that it was error to do so, but rather that the evidence was insufficient once admitted. We disagree. Either the officer followed the pretest protocol or he did not. He testified that he did. This testimony is uncontradicted. We do not reevaluate the officer's credibility on this point. [Citation omitted.]" *Lukens*, slip op. at 6.

Other unpublished opinions of our court are consistent. In *State v. Prater*, No. 101,552, unpublished opinion filed May 14, 2010, *rev. denied* 290 Kan. 1101 (2010), a panel of our court held:

"Following this court's reasoning in *Lukens*, either Staab [the officer] followed the pretest protocol or he did not. Staab testified that he did and this testimony was uncontradicted. We conclude that *in the absence of any specific evidence that the officer failed to comply with KDHE protocol*, once uncontroverted evidence is admitted that the officer followed protocol, such evidence is sufficient to admit the results of the breath test." (Emphasis added.) Slip op at 5-6.

See *State v. Nelson*, No. 97,824 unpublished opinion filed November 21, 2007.

For his appellate challenge, Hamilton principally relies on *State v. Perry*, No. 93,830, unpublished opinion filed August 26, 2005, where the court affirmed a negative finding that the State had failed to carry its burden in laying a foundation for the admission of breath test results. But there, the officer admitted that he failed to inspect the suspect's mouth by direct observation. Here, there was no testimony whatsoever that any aspect of the protocol was not followed. Despite extensive cross-examination of the officer,

there was no challenge to noncompliance with any aspect of the protocol. Accordingly, we do not find *Perry* to be persuasive given the facts before us.

We hold that absent specific evidence that an officer administering a breath test failed to comply with some aspect of required operational protocol, general conclusory evidence of protocol compliance, when coupled with evidence of certification of the machine and the operator, is sufficient foundation for admission of breath test results. Concluding that there was no error in the district court's denial of Hamilton's motion to suppress, we must affirm the conviction.

Affirmed.