565 P.2d 911

In the Matter of the APPEAL IN SANTA CRUZ COUNTY, JUVENILE ACTION NO. J–1865.

No. 2 CA–CIV 2524.

Court of Appeals of Arizona, Division 2.

May 19, 1977.

John R. Perry, Jr., Nogales, for appellant.

E. Leigh Larson, Santa Cruz County Atty. by Richard N. Groves, Deputy County Atty., Nogales, for appellee.

## OPINION

HOWARD, Chief Judge.

The subject of this appeal is a juvenile court order transferring a 16 year-old juvenile to adult court for criminal prosecution. The initial transfer order received in this case was defective in that the juvenile court merely set forth the conclusory grounds contained in Rule 14(b) of the Rules of Procedure for the Juvenile Court and did not state the reasons for such conclusions. We therefore suspended the appeal and reinstated the jurisdiction of the juvenile court for the limited purpose of preparation of an order in accordance with Rule 14.

Appellant contends that the reasons given by the juvenile court for its conclusion that the child is not amenable to treatment or rehabilitation as a delinquent child through available facilities are insufficient. The juvenile court gave as its reasons: that the juvenile had been referred to the court on January 3, 1977, for possession and transportation of 259 kilo bricks of marijuana and had attempted to elude pursuing officers; that on November 15, 1976, he had been apprehended for possession of approxi-mately 260 kilo bricks of marijuana and had been placed on probation because of intervention of police officers who informed the court that he had assisted the police in supplying information of other drug offenses; that as a condition of probation he was admonished not to re-enter the United States; that he is an alien and had been in the United States illegally on repeated occasions; that the court had been advised by the Department of Corrections that its policy was not to hold juveniles in excess of 30 days except in very rare instances inasmuch as it did not have any facilities to rehabilitate alien juveniles and incurred substantial expense when Mexican nationals were committed to the Department's facilities; that Santa Cruz County had no facilities for rehabilitation of alien juveniles; and that, because of the proximity of the Mexican border, many narcotics traffickers employ juveniles to engage in narcotics traffic on the assumption that they will not be penalized as adults, resulting in more narcotics offenses committed by juveniles.

A juvenile court judge in waiver proceedings must consider the alternatives to criminal prosecution and decide whether the parens patriae plan of procedure is desirable and proper in the particular case. *In re Pima County, Juvenile Action No. 35834–1*, 20 Ariz.App. 10, 509 P.2d 1047 (1973). It appears from the record that the basis for the juvenile judge's conclusion that the juvenile was not amenable to rehabilitation through available facilities was the "policy" of the Department of Corrections to accept placement of juvenile aliens for no more than 30 days. It also appears that the judge has conveyed his displeasure with this "policy" to the director of the Department of Corrections.

We agree with the juvenile that this "policy" cannot furnish grounds for refusing to keep him in the juvenile system. A minor alien is entitled to the Fourteenth Amendment guarantee of equal protection of the laws which are universal in their application to all persons in the jurisdiction. 3 Am.Jur.2d, Aliens and Citizens, § 9, p. 856. The Department of Corrections' "poli-

cy" of different treatment of alien juveniles, such as appellant, is therefore unconstitutional on its face.

For this reason, we must set aside the transfer order and remand this matter to the juvenile court for a new hearing. The court is to disregard the "policy" and consider the Arizona Youth Center as in fact available and apply the criteria set forth in *In re Pima County, Juvenile Action No. 35834–1, supra,* in deciding the waiver question.

Reversed and remanded for further proceedings consistent herewith.

HATHAWAY and RICHMOND, JJ., concur.