581 P.2d 916 (1978)
S.H., Appellant,
v.
The STATE of Oklahoma, Appellee.
No. J-77-450.
Court of Criminal Appeals of Oklahoma.
July 18, 1978.
Robert E. Price, Moon & Price, Poteau, for appellant.
Dean E. Warren, Dist. Atty., LeFlore County, for appellee.

*917 OPINION
BRETT, Judge.
The defendant, S.H., was charged with the offense of Murder in the Second Degree in violation of Laws 1973, c. 167, § 2 (repealed by Laws 1976, first Ex.Sess. c. 1, § 10, now 21 O.S.Supp. 1977, § 701.8).
A minor at the time of the alleged offense, the defendant was certified to stand trial as an adult pursuant to Laws 1974, c. 272, § 2 (amended by 10 O.S.Supp. 1977, § 1112). Thereafter, he was tried and found guilty of First Degree Manslaughter in violation of 21 O.S. 1971, § 711. On appeal from that judgment, at 555 P.2d 1050 (1976), this Court reversed the conviction for a new certification hearing in keeping with the statutory and case law of the State of Oklahoma. In the earlier certification hearing, all the evidence dealt with prosecutive merit and with whether the defendant knew right from wrong when he committed the offense and was sane under the laws of Oklahoma. The order certifying the defendant from the initial certification hearing stated that the defendant had sufficient mental capacity to know the difference between right and wrong and to be held accountable for his acts and that he should be prosecuted as an adult.
In the opinion, this Court pointed out that while the record of the initial certification hearing showed that there might be prosecutive merit to the complaint, the record was devoid of evidence to show that the defendant was not amenable to rehabilitation by the juvenile division. This Court pointed out that knowing the difference between right and wrong was only one of several factors to be taken into consideration in certifying a juvenile. The judge needed to have made a finding based on substantial evidence that the defendant was not amenable to the rehabilitative facilities of the juvenile court, and there is no presumption that a child who has committed a very serious act is not receptive to rehabilitative treatment. See also, J.T.P. v. State, Okl.Cr., 544 P.2d 1270 (1975). This Court further said in S.H. v. State, supra, that if the facts presented at the new certification hearing did not justify certification, then the defendant would have to be dealt with within the juvenile system.
The evidence with regard to amenability to rehabilitation at the second certification *918 hearing was as follows. A school administrator in the defendant's school district testified that he was well acquainted with the defendant, that the defendant was an average student and of average maturity and sophistication for a boy his age. He further testified that since the incident out of which this proceeding arose the defendant had continued in school as a full-time student, had completed his high school education, and had received an outstanding student award. He also stated that he was aware of no prior or subsequent contacts with the law by the defendant.
The State's second witness, a district supervisor for the Department of Institutions, Social and Rehabilitative Services, testified that although he had no personal knowledge of the defendant, a child who had no previous or subsequent contacts with the law, who had successfully continued and completed his education after being charged with a crime, who had participated in extracurricular activities, and who had received school honors would be likely to benefit under a probationary system.
The State's last witness, Dr. R.D. Garcia, a forensic psychiatrist at Eastern State Hospital in Vinita, Oklahoma, stated that in testing the defendant, he had found no evidence of psychosis or physical disorders, that the defendant was not overtly aggressive, and that the episode was an isolated incident which was not likely to be repeated in the future. In conclusion, Dr. Garcia stated that in his opinion the defendant did not need to be rehabilitated, because he already was rehabilitated.
The defense put on numerous witnesses who testified that they had known the defendant for varying lengths of time and that outside of the incident for which he was being charged, they had never known him to be any sort of a problem. His teachers testified that he was a good student and a good example for other students.
On rebuttal, the State introduced the testimony of an ex-deputy sheriff who stated that although he had never caught the defendant violating the law and had never had any problems with him, he thought it would be a bad idea for the defendant to remain loose in the community. When questioned further, it appeared that the reason he thought the defendant should not remain in the community was that he was afraid the defendant might have trouble with the deceased's family.
The deceased's brother testified that he thought a person who committed a crime ought to have "justice brought." He did say that he would not try to do anything to the defendant, because he had been "saved" since his brother's death. The deceased's uncle, who had hired a special prosecutor to prosecute the defendant in this case, and who was not an endorsed witness and who had been in the courtroom during the entire proceeding, testified that the defendant, while driving someone else's old model "greenish" pickup, had run him and his sister off the road and laughed.
At the close of the evidence, the Honorable John Henderson, Associate District Judge, LeFlore County, Oklahoma, certified the juvenile to stand trial as an adult for the reason that "there is insufficient prospect for adequate protection of the public and insufficient likelihood for reasonable rehabilitation by the use of procedure and facilities currently available to the juvenile court by reason of the respondent's age, seriousness of the crime, and aggravating circumstances of the crime."
We hold that the order cannot stand. First, the fact that the defendant is now 18 years of age cannot determine the issue. The incident for which the defendant was charged occurred on January 17, 1975. Because the original certification hearing was improperly conducted, and because the State chose to wait a full seven months after the first certification order was reversed, more than three years have now elapsed since the incident. The defendant should not be penalized because he chose to exercise his right to appeal from the improper certification hearing and because the State waited seven months after this Court reversed the original conviction to hold the second hearing. See, L.D.F. v. State, Okl.Cr., 561 P.2d 114 (1977).
*919 Second, until the State's rebuttal case, all of the evidence, including that of the State's witnesses, was either that the defendant was a fit subject to be retained in the juvenile system or that his rehabilitation already had been completed. The testimony of the State's rebuttal witness, the former Deputy Sheriff of LeFlore County, was entirely speculative, and the fact that the family of the deceased might cause trouble for the defendant is not proper grounds for placing him in the adult penal system. The testimony of the deceased's brother that he thought a person who committed a crime ought to be punished was immaterial to the question for which the hearing was being held.
Finally, the testimony of the deceased's uncle was sufficiently impeached that it cannot rise to the status of "substantial evidence" regarding the defendant's lack of amenability to rehabilitation. See, Calhoon v. State, Okl.Cr., 548 P.2d 1037 (1976), which defines "substantial evidence" as "more than a scintilla." Particularly in light of the facts that the deceased's uncle was a surprise witness who had previously hired a special prosecutor in the case, and that there was no substantiation for his rather vague description of an incident involving the juvenile, we must say that the State did not meet its burden of showing by substantial evidence that the defendant was not amenable to rehabilitation within the juvenile system.
It would be manifestly unreasonable for this Court to have held in regard to the previous certification hearing that the certification was improper because there was no evidence with regard to whether the defendant was amenable to rehabilitation and then to affirm this certification where the evidence indicated that the defendant should not be certified, simply because of the passage of time and the fact that the court's order recited the ultimate findings of prosecutive merit and nonamenability to rehabilitation.
For the above and foregoing reasons, this case is REVERSED to the Juvenile Division of the District Court, LeFlore County, and REMANDED with instructions to withdraw the order certifying the defendant to stand trial as an adult and with instructions to deal with the defendant within the juvenile system.
BUSSEY, P.J., dissents.
CORNISH, J., concurs.