No. 49,567

In the Interest of Charlotte Ann White, A Female Minor, *Appellant.*

(585 P.2d 1046)

Opinion filed October 28, 1978.

*Michael H. Morgan,* of Law Offices of Ivan O. Poe, of Wichita, argued the cause and was on the brief for appellant.

*Harold T. Pickler,* assistant district attorney, argued the cause and *Curt T. Schneider,* attorney general, and *Vern Miller,* district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

Holmes, J.: This is an appeal from an order of the Sedgwick County District Court finding Charlotte Ann White, age seventeen, was not a fit and proper person to be dealt with under the Kansas Juvenile Code and directing that she should be tried for first degree murder as an adult under the provisions of K.S.A. 1977 Supp. 38-808(*b*). There is no argument about the procedural aspects of the district court hearing and the sole question on appeal is whether the State presented sufficient evidence to support the findings of the trial court.

K.S.A. 1977 Supp. 38-808(*b*) provides in part:

"In determining whether or not such finding should be made, the court shall consider each of the following factors: (1) Whether the seriousness of the alleged offense is so great that the protection of the community requires criminal prosecution of the child; (2) whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner; (3) the maturity of the child as determined by consideration of the child's home, environment, emotional attitude and pattern of living; (4) whether the alleged offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted; (5) the record and previous history of the child; (6) whether the child would be amenable to the care, treatment and training program for juveniles available through the facilities of the court; and (7) whether the interests of the child or of the community would be better served by criminal prosecution of the child."

Charlotte Ann White was charged in a petition with committing an act of delinquency by "unlawfully killing a human being, to-wit: James E. Woffard in a malicious, willful, deliberate manner and with premeditation, and such killing was committed in the perpetration of the crime of aggravated assault, a felony."

At the hearing on the motion alleging Charlotte Ann White was not a fit and proper person to be dealt with under the Kansas Juvenile Code, the state offered absolutely no evidence, other than the original petition, to support its allegations. The assistant district attorney made a lengthy opening statement and argument in which he referred to each of the seven factors set out in the statute but offered no evidence in support of his statements. It appears to be the position of the state that the bare allegations of the petition alleging delinquency, together with argument by the district attorney, is sufficient. The trial court evidently agreed. We do not.

At the close of the state's argument, counsel for the juvenile moved that the motion of the state be denied. The motion was overruled and defense counsel was then placed in the position of going forward with evidence or resting at that point and taking an appeal. Defense counsel proceeded to introduce evidence and it is sufficient to say that such evidence, viewed in its entirety, was favorable to the position of the defendant that she should be dealt with under the Kansas Juvenile Code.

The question of the sufficiency of the evidence to support a finding that a juvenile should be tried as an adult has been before this court on several occasions. *In re Ferris,* 222 Kan. 104, 563 P.2d 1046 (1977); *In re Harris,* 218 Kan. 625, 544 P.2d 1403 (1976); *State v. Shepherd,* 213 Kan. 498, 516 P.2d 945 (1973); *In re Patterson, Payne & Dyer,* 210 Kan. 245, 499 P.2d 1131 (1972); *In re Templeton,* 202 Kan. 89, 447 P.2d 158 (1968).

Prior to its amendment July 1, 1975, the statute required "substantial evidence" to support a finding that a juvenile over the age of sixteen was not amenable to the care, treatment and training program available through the facilities of the juvenile court. As amended, the statute adopted additional factors to be considered by the court and also omitted the requirement of "substantial evidence." The factors set forth in the existing statute took into consideration and made a part of the act certain guidelines set

forth in *Kent v. United States*, 383 U.S. 541, 16 L.Ed.2d 84, 86 S.Ct. 1045 (1966).

Despite the change in the statute to conform to the directions of *Kent v. United States*, our court has adhered to the rule that "substantial evidence" is required. In *In re Ferris*, 222 Kan. at 111, we stated:

"The only question presented is whether the trial court's decision that the child is not a fit and proper subject to be dealt with under the Kansas Juvenile Code is supported by substantial competent evidence. (*State v. Lewis*, [220 Kan.] at 793; *State v. Green*, [218 Kan.] at 443; and *In re Patterson, Payne & Dyer*, [210 Kan.] at 250.)

"The term 'substantial evidence' has come to have a well-defined meaning in our law. It is said to be evidence possessing something of substance and relevant consequence, and which furnishes a substantial basis of fact from which the issues tendered can be reasonably resolved. (*State v. Green*, [218 Kan.] at 443; and *In re Templeton*, [202 Kan.] at 94.)"

The submission by the district attorney of a petition he prepared alleging the commission of a crime of violence amounting to a felony cannot, standing alone, be considered the "substantial evidence" required under our decisions.

"The gravity of the misconduct alleged is not the controlling factor in determining the proper disposition of a juvenile offender." *In re Ferris*, 222 Kan. at 110.

The complete failure of the district attorney to submit anything but argument of counsel constitutes a total lack on the part of the state to present evidence in support of the state's position.

The motion of Charlotte Ann White at the close of the state's "evidence" should have been sustained, the order of the district court must be reversed and the case remanded for a new hearing on the issue of whether she was a fit and proper person to be dealt with under the Kansas Juvenile Code. *In re Harris*, 218 Kan. at 628.

The judgment of the district court is reversed and the case remanded for further proceedings in accordance with the foregoing opinion.