616 P.2d 92

**In the Matter of the Appeal in PIMA COUNTY JUVENILE ACTION NO. 53358–6.**

**No. 2 CA–CIV 3546.**

Court of Appeals of Arizona, Division 2.

July 31, 1980.

Review Denied Sept. 11, 1980.

Ronald J. Newman, Tucson, for appellant Juvenile.

Stephen D. Neely, Pima County Atty. by D. Jesse Smith, Deputy Co. Atty., Tucson, for appellee.

OPINION

HOWARD, Judge.

A juvenile court order granting the state's petition to transfer the juvenile to adult court for prosecution is the subject of this appeal. The case concerns a 15–year–old charged with stabbing a police officer (aggravated assault). A probable cause hearing was held November 27, 1979, and the court found probable cause that the minor committed the offense. On January 14, 1980, another hearing was held to determine whether the three–pronged test of Rule 14(b) was satisfied.

Appellant contends that the trial court erred in finding that he was not amenable to treatment or rehabilitation through available facilities as required by Rule 14(b), Rules of Procedure for the Juvenile Court. We affirm.

 The juvenile court stated its reasons for finding non–amenability. It is clear that the juvenile court felt that if the allegations of the delinquency petition were found to be true, the juvenile would need to be confined in a closely supervised setting for an extended period of time in order to protect the public and to rehabilitate the juvenile. It based this conclusion on the facts surrounding the offense (the juvenile inflicted multiple stab wounds on a police officer and then kicked him in the eye), the juvenile's lack of remorse, and his involvement in thefts, some of which occurred between the time of the probable cause hearing and the transfer hearing. The juvenile court noted that there were no juvenile facilities in the state which provided the security and supervision it believed the juvenile required.

The staff psychologist and probation officer were both against the transfer, finding

that the juvenile was amenable to treatment through available facilities. However, the juvenile court is not bound by these recommendations anymore than the trial judge is bound by the recommendations of the probation officer in a criminal proceeding in the superior court.

The fact that the juvenile had no record in juvenile court prior to the stabbing is not determinative. *In the Matter of the Appeal in Pima County, Juvenile Action No. 35834–1*, 20 Ariz.App. 10, 509 P.2d 1047 (1973).

We are unable to say that the juvenile court abused its discretion.

Affirmed.

HATHAWAY, C. J., concurs.

RICHMOND, Judge, dissenting:

I cannot agree with the majority. If the juvenile judge did not abuse her discretion in ordering a transfer in the face of the testimony in this case, it is difficult to imagine a case in which that discretion could be abused.

The seriousness of the offense alone cannot control the disposition of the case. *State v. D. W. C.*, 256 S.E.2d 894 (W.Va. 1979); *In Re White*, 224 Kan. 717, 585 P.2d 1046 (1978); *R. E. M. v. State*, 541 S.W.3d 841 (Tex.Civ.App.1976); *In Re Johnson*, 17 Md.App. 705, 304 A.3d 859 (1973). There must also be reasonable grounds to believe the juvenile is not amenable to treatment or rehabilitation through available facilities. Juvenile Court Rules, rule 14(b)(1). There is no presumption that a juvenile who commits a serious offense is not amenable to rehabilitation. *S. H. v. State*, 581 P.2d 916 (Okl.Cr.1978). The state must present substantial evidence that the juvenile is not a fit subject for rehabilitation through the juvenile facilities. *In Re White, supra; Matter of R. B.*, 584 P.2d 1351 (Okl.Cr. 1978); *P. H. v. State*, 504 P.2d 837 (Alaska 1972).

Appellant turned 15 shortly before the offense and had no past history of delinquency. He had attended school regularly and participated actively in sports. There was no showing that he could not be rehabilitated in the almost three years he was subject to treatment. In that respect this case is unlike *In Re Pima County, Juvenile Action No. 35834–1, supra*, cited by the majority, involving an ex–Marine who was less than two months short of his eighteenth birthday at the time of the transfer hearing.

The juvenile court psychologist testified that appellant would be amenable to rehabilitation within the existing facilities because of his school performance, good attendance, and ability to get along with his teachers; his participation in organized sports; his cooperation with the court; and his immaturity and child–like innocence. She also testified that the existing juvenile facilities would be sufficient to rehabilitate him. Although the state attempted to undermine the psychologist's conclusions by emphasizing appellant's answers to specific questions, the psychologist explained that the tests are scored on the basis of a conglomerate of responses rather than individual answers, and that questions are rephrased in various ways to catch false answers. The juvenile did not "fall into the lying category."

The juvenile probation officer also felt the facilities were adequate and recommended that the juvenile be retained because of his lack of prior referrals, good school attendance, young age, and psychological profile. His recommendation took into consideration the reports of two officers that the juvenile may have been involved in thefts from high school lockers. He stressed that the primary factor against retaining the child within the juvenile system was the seriousness of the offense.

The expert witnesses at the transfer hearing did not specify what treatment was needed, but testified that the necessary treatment could be supplied through the juvenile system. The state did not present any evidence that the juvenile could not be rehabilitated within the juvenile system. It focused instead on the seriousness of the crime, which is not enough to transfer a child if he can be rehabilitated within the

juvenile system. *See White* and other cases, *supra.*

In finding the existing facilities inadequate the court went outside a record that demonstrates appellant would be amenable to rehabilitation within the juvenile system. Transfer decisions should be keyed to the individual, not the crime. *State v. D. W. C., supra,* 256 S.E.2d at 898, *In Re Patterson,* 210 Kan. 245, 499 P.2d 1131, 1136 (1972). Though the seriousness of the offense is one factor for the court to consider in finding that the safety or interest of the public requires transfer, Juvenile Court Rules, rule 14(b)(3), it is not a prime consideration in determining whether a child is amenable to rehabilitation. *See Patterson, White,* and cases *supra.*

I would vacate the transfer order as a clear abuse of discretion.