No. 56,875

In the Matter of MARY P.

(701 P.2d 681)

Opinion filed June 21, 1985.

*Edward L. Winthrop,* of Prairie Village, argued the cause and was on the briefs for appellant.

*Stacy Parkinson,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Dennis W. Moore,* district attorney, were with her on the brief for appellee.

The opinion of the court was delivered by

MILLER, J.: This is an appeal from the order of the district court of Johnson County in a proceeding under the Kansas juvenile offenders code, K.S.A. 1984 Supp. 38-1601 *et seq.* The court held that the appellant was a juvenile offender, K.S.A. 1984 Supp. 38-1602, and that she committed two of the offenses charged, indecent liberties with a child, as defined by K.S.A. 1984 Supp. 21-3503(1)(b), and aggravated indecent solicitation of a child, as defined by K.S.A. 21-3511. The controlling issue on appeal is whether evidence was properly admitted by the trial court under the provisions of K.S.A. 60-460(dd).

The alleged victims were three and one-half and six years old at the time of the hearing. They were placed on the stand to determine if they were qualified as witnesses. At the conclusion of the questioning, the court found that the children were not qualified as witnesses. Thereafter, the court permitted the State to produce evidence of statements made by the children to their mother some five to eight months after the occurrence. The acts

allegedly occurred while the respondent was babysitting with the children, some nine or ten months prior to the court hearing. The children's mother was the only witness presented by the State and she testified as to statements made by the children concerning the alleged sexual abuse.

Hearsay evidence is ordinarily inadmissible, but certain exceptions to that rule are fixed by statute. K.S.A. 60-460(dd) is the statutory exception here involved. It reads as follows:

"Evidence of a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated is hearsay evidence and inadmissible except:

. . . .

"(dd) In a criminal proceeding or in a proceeding to determine if a child is a deprived child under the Kansas juvenile code or a child in need of care under the Kansas code for care of children, a statement made by a child, to prove the crime or that the child is a deprived child or a child in need of care, if

"(1) The child is alleged to be a victim of the crime, a deprived child or a child in need of care; and

"(2) the trial judge finds, after a hearing on the matter, that the child is disqualified or unavailable as a witness, the statement is apparently reliable and the child was not induced to make the statement falsely by use of threats or promises."

This provision was added in 1982. See L. 1982, ch. 246, § 1. The same session of the Kansas Legislature enacted the present Kansas juvenile offenders code. See L. 1982, ch. 182, § 59 *et seq.*

K.S.A. 60-460(dd) states an exception to the rule against the use of hearsay testimony, applicable in three types of proceedings: in a criminal proceeding; in a proceeding to determine if a child is a deprived child (K.S.A. 38-802[g], repealed L. 1982, ch. 182); and in a proceeding to determine if a child is a child in need of care, K.S.A. 1984 Supp. 38-1501 *et seq.* We note that the statutes specifically make the rules of evidence of the Code of Civil Procedure, K.S.A. 60-401 *et seq.*, applicable in all adjudicatory hearings under the Kansas juvenile offenders code, K.S.A. 1984 Supp. 38-1653, and in all proceedings under the Kansas code for care of children, K.S.A. 1984 Supp. 38-1554. All proceedings under the Kansas code for care of children are specifically declared to be civil in nature, K.S.A. 1984 Supp. 38-1501, and in no case brought under the Kansas juvenile offenders code shall any order, judgment, decree, or proceedings "be deemed or held to import a criminal act on the part of any juvenile." K.S.A. 1984 Supp. 38-1601.

The Court of Appeals held that, by virtue of the quasi-criminal nature of juvenile offenders proceedings, juvenile offenders are accorded certain constitutional rights to which a criminal defendant is entitled, including the right to counsel, the privilege against self-incrimination, and the requirement that guilt be established beyond a reasonable doubt. See *In re Gault,* 387 U.S. 1, 18 L.Ed.2d 527, 87 S.Ct. 1428 (1967); *Findlay v. State,* 235 Kan. 462, 466, 681 P.2d 20 (1984); *State v. Young,* 220 Kan. 541, 552 P.2d 905 (1976); and *In re Harris,* 218 Kan. 625, 629, 544 P.2d 1403 (1976). The court then found that the term "criminal proceeding" as used in K.S.A. 60-460(dd) should be given a broad construction to include juvenile offenders proceedings, in order to give effect to the legislative intent evident in the enactment of -460(dd). We do not agree.

K.S.A. 60-460(dd) is clear and unambiguous. The legislature specifically enumerated three proceedings in which that exception to the hearsay rule is applicable: criminal proceedings; proceedings to determine if a child is a deprived child; and proceedings to determine if the child is one in need of care. The legislature chose not to make the exception applicable, and not to provide for the admissibility of statements thereunder, in proceedings under the Kansas juvenile offenders code. The Court of Appeals points out that the effect of the statute, if it is inapplicable to proceedings under the Kansas juvenile offenders code, would be to exclude as hearsay statements made by children and repeated by an adult, if the offender is under eighteen years of age. They would thus be admissible if the offender is over eighteen (or over sixteen years of age and is prosecuted as an adult, K.S.A. 1984 Supp. 38-1636) and inadmissible if the offender is under that age. However, when the offender is a juvenile against whom proceedings are maintained under the Kansas juvenile offenders code, the effect of the construction given K.S.A. 60-460(dd) by the Court of Appeals would be to make admissible the hearsay statements of one child against another.

Although, as the Court of Appeals pointed out, courts have recognized the quasi-criminal nature of juvenile proceedings in *In re Gault,* 387 U.S. 1, and *In re Harris,* 218 Kan. at 629, a proceeding under the Kansas juvenile offenders code is *not* a criminal proceeding. K.S.A. 60-460(dd), enacted at the same time

the Kansas juvenile offenders code was enacted, is clear and unambiguous. It needs no judicial construction to be effective. As we said in *Capital Electric Line Builders, Inc. v. Lennen,* 232 Kan. 379, 383, 654 P.2d 464 (1982):

"Where a statute is clear and unambiguous, the court must give effect to the legislative intent therein expressed rather than make a determination of what the law should or should not be. Thus, no room is left for statutory construction. *Randall v. Seemann,* 228 Kan. 395, 397, 613 P.2d 1376 (1980); *State v. V.F.W. Post No. 3722,* 215 Kan. 693, 695, 527 P.2d 1020 (1974)."

For our most recent discussion and application of this rule, see *State v. Haug,* 237 Kan. 390, 699 P.2d 535 (1985).

The term "criminal proceeding" is well understood, and does not need to be judicially defined. It does not include juvenile proceedings, which although having some similarity are entirely separate and distinguishable. Had the legislature wished to include proceedings under the Kansas juvenile offenders code in K.S.A. 60-460(dd), it could easily have done so. We decline to enlarge the scope of the statutory exception, K.S.A. 60-460(dd), by judicial interpretation. Instead, we conclude that we must accept the language as written, and that hearsay statements made by a child are not admissible by use of the -460(dd) exception in a proceeding under the Kansas juvenile offenders code.

The only evidence supporting the trial court's judgment was that admitted pursuant to K.S.A. 60-460(dd). That evidence was improperly admitted, since the statutory exception is inapplicable in a juvenile offender proceeding. Since this holding mandates a reversal of the district court's judgment, we need not consider other issues presented.

The judgment of the Court of Appeals and the judgment of the district court are therefore reversed.

HERD, J., dissenting: I disagree with the majority. This issue pertains to procedural, not substantive, rights and thus should not be construed so strictly. I agree with the Court of Appeals that the quasi-criminal nature of juvenile offender proceedings brings this type action under the provisions of K.S.A. 60-460(dd).

There is nothing in the statute which indicates any exception was to be made for juveniles who abuse children. The majority states "the effect of the construction given K.S.A. 60-460(dd) by the Court of Appeals would be to make admissible the hearsay

statements of one child against another." This is correct. There is no difference between allowing hearsay statements of a child against an adult as opposed to a child against a child. The testimony by the accuser is no more unreliable by having the accused be a child, rather than an adult. The intent of the legislature in passing K.S.A. 60-460(dd) was to assist in the prosecution of abuse cases. The majority's decision totally disregards this.

Finally, K.S.A. 1984 Supp. 38-1653 of the Juvenile Offenders Code specifically states in actions under the code, "the rules of evidence of the code of civil procedure shall apply." Clearly, the hearsay exception in issue here is part of the rules of evidence which are to be applied in actions under the Juvenile Offenders Code.

I would affirm the Court of Appeals and the district court.