(844 P.2d 752)

No. 67,804

IN THE INTEREST OF D.V., a minor child.

Opinion filed January 8, 1993.

*John M. Gaffney,* of Anthony, for the appellant.

*Elaine M. Esparza,* county attorney, for the appellee.

*Theodore J. Nichols,* of Williams & Williams, P.A., of Anthony, guardian ad litem.

Before ELLIOTT, P.J., DAVIS, J., and C. FRED LORENTZ, District Judge, assigned.

DAVIS, J.: The natural father, K.P., appeals the severance of his parental rights to his minor child, D.V., claiming that (1)

hearsay evidence was erroneously admitted, (2) the evidence was insufficient, and (3) no adjudication was made as to him that his child was a child in need of care. We affirm.

D.V. was born to C.V. and K.P. in 1982. In December 1986, D.V. was adjudicated a child in need of care. The allegations in that petition concerned the natural mother's conduct only. K.P. was not present at the hearing, although he was represented by counsel. In 1987, after efforts failed to reintegrate D.V. into the natural mother's home, the child was placed temporarily in K.P.'s care on a trial basis. The child stayed with K.P. in Arizona for about one and one-half years.

In January 1989, the court ordered the child's return to the custody of Kansas officials. After a hearing at which K.P. appeared in person and with counsel, the court severed his parental rights.

### Hearsay Evidence

K.P. claims that the court erroneously admitted an SRS caseworker's testimony about a conversation that took place between D.V. and the SRS caseworker during the return trip from Arizona to Kansas. The evidence was admitted pursuant to K.S.A. 1991 Supp. 60-460(dd), which provides:

"Evidence of a statement which is made other than by a witness while testifying at the hearing, offered to prove the truth of the matter stated, is hearsay evidence and inadmissible except:

. . . .

(dd) In a criminal proceeding or a proceeding pursuant to the Kansas juvenile offender's code or in a proceeding to determine if a child is a child in need of care under the Kansas code for care of children, a statement made by a child, to prove the crime or that a child is a juvenile offender or a child in need of care, if:

(1) The child is alleged to be a victim of the crime or offense or a child in need of care; and

(2) the trial judge finds, after a hearing on the matter, that the child is disqualified or unavailable as a witness, the statement is apparently reliable and the child was not induced to make the statement falsely by use of threats or promises."

K.P. does not challenge the adequacy of the hearing, the court's findings regarding the witness' unavailability, or the statement's reliability. He claims only that the exception does not apply because it was admitted during a severance hearing, not a pro-

ceeding to determine if the child was a child in need of care as set forth in the statute.

In support of his position, K.P. cites *In re Mary P.*, 237 Kan. 456, 701 P.2d 681 (1985), in which the court held that the exception as it existed then did not apply to proceedings under the juvenile offenders code. The court noted that the statute was clear and unambiguous and by its terms applied only to three proceedings: criminal proceedings, proceedings to determine if a child was deprived, and proceedings to determine if a child was in need of care. The court held that the exception did not apply to juvenile offender proceedings. 237 Kan. at 458-59. K.P. therefore claims that because K.S.A. 1991 Supp. 60-460(dd) does not expressly deal with proceedings to terminate parental rights, the statute clearly and unambiguously does not apply to such proceedings.

Such a construction is entirely too narrow. We believe that the legislature intended to include severance proceedings within the context of its statement that such exception applies to child in need of care proceedings under the Kansas Code for Care of Children.

The statutory provisions for termination of parental rights, K.S.A. 38-1581 *et seq.*, are part of the Kansas Code for Care of Children, K.S.A. 38-1501 *et seq.* The termination statutes are part of the same statutory scheme as the statutes authorizing proceedings to adjudicate a child in need of care. Severance proceedings need not be separate proceedings at all, but may be a component of child in need of care proceedings. K.S.A. 38-1581 permits a party to request termination of parental rights either by separate petition or in a motion made in proceedings under the Code. That a child in need of care proceeding and a termination proceeding are both part of the same statutory scheme is apparent in that a child in need of care adjudication is required to terminate parental rights. K.S.A. 1991 Supp. 38-1583(a). The two proceedings are statutorily intertwined under the Code for Care of Children.

In the case of *In re Mary P.*, the Supreme Court was faced with a very different situation. The juvenile offender code expressly stated that proceedings under it were not " 'deemed or held to import a criminal act on the part of any juvenile.' " 237

Kan. at 457 (quoting K.S.A. 1984 Supp. 38-1601). In contrast, to interpret the hearsay exception of K.S.A. 1991 Supp. 60-460(dd) to apply to severance proceedings under the same code that provides for an adjudication of a child in need of care is quite another matter, because both proceedings are incorporated under one act.

The Supreme Court has recognized that child victims are often the only witnesses to their own mistreatment. *State v. Myatt*, 237 Kan. 17, 21, 697 P.2d 836 (1985). The court has also recognized the difficulty that a mistreated child likely would have in testifying in a court about that mistreatment. See 237 Kan. at 21-22. The overall concern of the Code for Care of Children is to protect children from such mistreatment. It would defy logic to allow such evidence to be used in proceedings to determine if a child is a child in need of care and disallow such evidence to establish the more serious misconduct and potentially greater danger to the child that supports termination of parental rights.

We recognize that the severance proceedings present much more serious consequences to the parents than do child in need of care proceedings, but we must balance the best interests of the child against the parents' right to cross-examine witnesses, whether it be in a proceeding for adjudication of child in need of care or in a severance proceeding. The procedural safeguards in the hearsay exception protect the parents' interests. Admitting the evidence after compliance with those procedural safeguards protects the interests of the child and the interests of the parents. Although K.S.A. 1991 Supp. 60-460(dd) does not expressly list proceedings to terminate parental rights,

"[t]he fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained. [Citation omitted.] A statute is not to be given an arbitrary construction according to the strict letter, but one that will advance the sense and meaning fairly deducible from the context." *Brown v. Tubbs*, 2 Kan. App. 2d 522, 525, 582 P.2d 1165 (1978).

Accord *Mahone v. Mahone*, 213 Kan. 346, 350, 517 P.2d 131 (1973). We hold that the hearsay exception in K.S.A. 1991 Supp. 60-460(dd) applies to proceedings to terminate parental rights.

### Sufficiency of Evidence Under the
### Kansas Code for Care of Children

K.P. argues that without the alleged hearsay statements, the evidence to support termination of his parental rights was not clear and convincing. He does not challenge the sufficiency of evidence if it is determined that D.V.'s statements to the SRS worker were admissible. Because we have held that D.V.'s statements fall within the hearsay exception of K.S.A. 1991 Supp. 60-460(dd), we need not treat K.P.'s sufficiency argument in detail.

The question raised by K.P. involves our standard of review in proceedings to terminate parental rights. K.P. suggests that this court ought to make a determination whether the evidence presented below was clear and convincing. However, the appropriate standard of review in this case is not whether the record contains substantial competent evidence of a clear and convincing nature, but rather whether the record, when viewed in the light most favorable to the party who prevailed, contains substantial competent evidence to support the trial court's decision. *In re S.M.Q.*, 247 Kan. 231, 234, 796 P.2d 543 (1990). We "must not reweigh the evidence, substitute [our] evaluation of the evidence for that of the trial court, or pass upon the credibility of the witnesses." *In re S.M.Q.*, 247 Kan. at 234.

The district court made 37 separate findings of fact to support its determination of severance. Only one, number 29, is based on the alleged hearsay testimony. Most of the facts in finding number 29 are corroborated with other evidence. In fact, much of this corroboration is furnished by K.P.'s own testimony. K.P. does not challenge the truthfulness or the evidentiary basis for the court's 36 other factual findings, but asks this court to reevaluate the evidence in light of the other evidence. We, however, decline because we do not reweigh the evidence or substitute our evaluation of the evidence for that of the district court. The record contains substantial competent evidence to support severance of the natural father's parental rights.

### Adjudication of Child in Need of Care

K.P. claims that the proceedings in this action did not satisfy the requirement in K.S.A. 1991 Supp. 38-1583(a) that a child be

adjudicated to be a child in need of care before the court may terminate parental rights. We disagree.

K.P. moved for a directed verdict at trial and seeks reversal here based on his argument that there can be no termination of his parental rights until there has been an adjudication that his acts or omissions caused the child to be adjudicated a child in need of care.

K.S.A. 1991 Supp. 38-1583(a) provides that a court may terminate parental rights "[w]hen the child has been adjudicated to be a child in need of care." K.P. asks this court to insert language into the statutory requirement so that it allows a court to terminate a parent's parental rights only after the court has determined that such parent's actions or inactions caused the child to be a child in need of care. The statute simply does not require this. In this case, the express provisions of the statute were satisfied in that the child was adjudicated to be a child in need of care.

The apparent underlying basis for K.P.'s argument is that it would be unfair to terminate one parent's rights because of the other parent's conduct. The legislature, however, protected against such a possibility when it specified the factors that a court must consider in severance proceedings. See K.S.A. 1991 Supp. 38-1583(b), (c). All of the factors, with the exception of 38-1583(b)(6), relate to the conduct of the parent whose parental rights are at issue. Based on the evidence and K.P.'s conduct, the court found clear and convincing evidence to support statutory grounds for termination. The trial court's decision is supported by substantial competent evidence.

Affirmed.