Larry Welch, Director Kansas Bureau of Investigation 1620 S.W. Tyler Topeka, Kansas 66612-1837
Dear Director Welch:
You request our opinion regarding application of 2001 legislative amendments to K.S.A. 21-2511, the statute that requires certain individuals to submit blood and saliva samples to the Kansas Bureau of Investigation (KBI) for analysis, storage, processing and inclusion in the Federal Bureau of Investigation's (FBI's) combined DNA index system for forensic DNA law enforcement purposes. You indicate that some believe the 2001 amendments are prospective only, requiring collection of samples from persons convicted or adjudicated of the newly added crimes only if those convictions or adjudications occurred after July 1, 2001, the effective date of the amendments. Further, there are questions surrounding who, in addition to those currently confined, are subject to the submission requirements. Specifically your questions are as follows:
 "1. Is K.S.A. 21-2511, as amended July 1, 2001, retroactive and [does it require] DNA collection for any person convicted as an adult or adjudicated as a juvenile offender before July 1, 2001 who is presently confined in any state correctional facility or county jail or who is presently serving a sentence under K.S.A. 21-4603, 22-3717 or 38-1663, and amendments thereto?
 "2. Does the language in K.S.A. 21-2511(a)(3) `presently serving a sentence under K.S.A. 21-4603, 22-3717 or 38-1663, and amendments thereto' include any persons who are under court supervision with community corrections, parole, court services, probation, Juvenile Justice Authority or any other court supervision ordered pursuant to K.S.A. 21-4603, 22-3717 or 38-1663?"
K.S.A. 2000 Supp. 21-2511, with the 2001 amendments emphasized, provides in pertinent part:
 "(a) Any person convicted as an adult or adjudicated as a juvenile offender because of the commission of any offense which requires such person to register as an offender pursuant to the Kansas offender registration act, K.S.A. 22-4901 et seq., any off-grid felony, any nondrug severity level 1 through 6 felony, or a violation of subsection (a)(1) of K.S.A. 21-3505, 21-3508, 21-3602, 21-3715, 21-4310, subsections (e)(2), (e)(3) and (e)(4) of K.S.A. 65-4142 or K.S.A. 65-4159, and amendments thereto, including an attempt, conspiracy or criminal solicitation, as defined in K.S.A. 21-3301, 21-3302 or 21-3303 and amendments thereto, of any such offenses provided in this subsection regardless of the sentence imposed, shall be required to submit specimens of blood and saliva to the Kansas bureau of investigation in accordance with the provisions of this act, if such person is:
 "(1) Convicted as an adult or adjudicated as a juvenile offender because of the commission of a crime specified in subsection (a) on or after the effective date of this act;
 "(2) ordered institutionalized as a result of being convicted as an adult or adjudicated as a juvenile offender because of the commission of a crime specified in subsection (a) on or after the effective date of this act; or
 "(3) convicted as an adult or adjudicated as a juvenile offender because of the commission of a crime specified in this subsection before the effective date of this act and is presently confined as a result of such conviction or adjudication in any state correctional facility or county jail or is presently serving a sentence under K.S.A. 21-4603, 22-3717 or 38-1663, and amendments thereto."[1]
1. Is K.S.A. 21-2511, as amended July 1, 2001, retroactive and does itrequire DNA collection for any person convicted as an adult oradjudicated as a juvenile offender before July 1, 2001 who is presentlyconfined in any state correctional facility or county jail or who ispresently serving a sentence under K.S.A.?
 "When a statute is clear and unambiguous, the court must give effect to the legislative intent therein expressed rather than make a determination of what the law should or should not be. Thus, no room is left for statutory construction."[2] Generally, a statute operates prospectively unless the Legislature clearly intends it is to operate retrospectively.[3]
Subsection (a)(3) of K.S.A. 2000 Supp. 21-2511, as amended, clearly and unambiguously makes the provisions of the statute that require submission of specimens of blood and saliva retroactive to persons who were convicted or adjudicated for the commission of certain offenses before the effective date of the statute if such persons are presently confined as a result of such conviction or adjudication, or are presently serving a sentence under K.S.A. 21-4603, 22-3717
or 38-1663, as amended. Additionally, in 1995, the United States District Court for the District of Kansas concluded that K.S.A. 21-2511 does not violate ex post facto principles and is not an unlawful bill of attainder.
 "In general, the constitutional proscription of ex post facto laws `applies only to penal statutes which disadvantage the offender affected by them,' Collins v. Youngblood, 497 U.S. 37, 41, 110 S.Ct. 2715, 2718, 111 L.Ed.2d 30 (1990), and provides that legislatures may not retroactively change the definition of a crime nor increase the punishment for a crime. Id. at 43, 110 S.Ct. at 2719.
 "Because the court has concluded [K.S.A. 21-2511] is not punitive but furthers a governmental interest in law enforcement, it follows that the statute does not violate ex post facto principles. Rather, the court views the statute as furthering a significant government interest through a minimal intrusion for which few, if any, alternatives exist. Although the individual inmate may experience brief discomfort as a result of the statute, the impact of the procedure is slight and cannot be characterized as punitive. Accord, Jones v. Murray, 962 F.2d 302, 309 (4th Cir. 1992).
 "Plaintiffs next contend the statute must be struck down as an unconstitutional bill of attainder. A bill of attainder is `a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a jury trial.' Nixon v. Administrator, Gen. Servs., 433 U.S. 425, 468, 97 S.Ct. 2777, 2803, 53 L.Ed.2d 867
(1977).
 "Plaintiffs allege the Kansas Legislature, by enacting the statute, improperly usurped judicial authority and effectively imposed additional punishment upon those convicted of certain crimes without affording them the opportunity to be heard. However, the minimal intrusion imposed incident to the statute does not result in punishment for the reasons already set forth, nor does this argument consider the notice which inheres in the legislative process. The court therefore rejects this argument."[4]
The plaintiffs in this case were inmates who had been convicted prior to the effective date of the original version of K.S.A. 21-2511, but who were confined at the time the statute took effect and were therefore required to submit specimens under the statute's provisions. Clearly the Court considered K.S.A. 21-2511 to be retroactive in nature. While K.S.A. 21-2511(a)(3) has been amended to include juvenile adjudications and thus its current language is not identical to that which was before the Court in this case, the amendments were not intended to, and do not, change the fact that the statute is retroactive to those convicted or adjudicated for commission of certain offenses prior to its enactment.
We note that there is a statement to the contrary on page 5 of the 2001 Kansas Sentencing Guidelines Desk Reference Manual. We believe that statement to be in error. There is nothing in the amended version of K.S.A. 21-2511 to support the conclusion that subsection (a)(3) does not apply to the offenses added by the amendments.
2. Does the language in K.S.A. 21-2511(a)(3) `presently serving asentence under K.S.A. 21-4603, 22-3717 or 38-1663, and amendmentsthereto' include any persons who are under court supervision withcommunity corrections, parole, court services, probation, JuvenileJustice Authority or any other court supervision ordered pursuantto K.S.A. 21-4603, 22-3717 or 38-1663?
As noted above, K.S.A. 2000 Supp. 21-2511(a)(3) makes the submission requirements of the statute applicable to any person convicted or adjudicated for the commission of certain offenses prior to the effective date of its provisions, if such person is "presently confined as a result of such conviction or adjudication in any state correctional facility or county jail or is presently serving a sentence under K.S.A. 21-4603,22-3717 or 38-1663, and amendments thereto."[5] The question, therefore, is whether persons who are under court supervision ordered pursuant to K.S.A. 2000 Supp. 21-4603, 22-3717, as amended, or K.S.A.38-1663 are "presently serving a sentence" under those statutes.
K.S.A. 2000 Supp. 21-4603 and K.S.A. 38-1663 set forth the various dispositions that may be ordered by the court upon conviction or adjudication, respectively, for commission of an offense. These various dispositions include confinement as well as fines, probation, conditional release and other alternatives. K.S.A. 2000 Supp. 22-3717, as amended, establishes probation and post release supervision criteria.
The term "sentence" is not defined in the Kansas Statutes Annotated, but is generally defined as "[t]he judgment formally pronounced by the court or judge upon the defendant after his conviction in a criminal prosecution, imposing the punishment to be inflicted, usually in the form of a fine, incarceration, or probation."[6]
The fact that K.S.A. 2000 Supp. 21-2511(a)(3), as amended, refers to both persons presently confined and persons presently serving a sentence under K.S.A. 21-4603, 22-3717 or 38-1663 and amendments thereto, together with the host of dispositions authorized in those statutes and the broad definition generally given the term "sentence," it is our opinion that K.S.A. 2000 Supp. 21-2511(a)(3), as amended, does require submission of blood and saliva samples by persons presently under court supervision in any of the various ways authorized by K.S.A. 2000 Supp. 21-4603, 22-3717, as amended, and K.S.A. 38-1663. This view is supported by K.S.A. 2000 Supp. 21-2511(d), which provides:
 "Any person required by paragraph (a)(3) to provide specimens of blood and saliva shall be required to provide such samples prior to final discharge[7] or conditional release at a collection site designated by the Kansas bureau of investigation."
In conclusion, K.S.A. 2000 Supp. 21-2511, as amended by L. 2001, Ch. 208, § 2, requires persons convicted or adjudicated for the commission of certain offenses to submit blood and saliva specimens to the KBI for analysis, storage, processing and inclusion in the FBI's combined DNA index system for forensic DNA law enforcement purposes. Subsection (a)(3) of this statute, as amended, makes its provisions retroactive to any person convicted or adjudicated for the commission of the listed offenses, including those added by the 2001 Legislature, prior to the effective date of the act if that person is presently confined as a result of that conviction or adjudication in any state correctional facility or county jail or is presently serving a sentence under K.S.A. 2000 Supp. 21-4603, 22-3717, as amended by L. 2001, Ch. 200, § 15, or K.S.A. 38-1663. Persons who are under court supervision ordered pursuant to one of these three statutes are subject to the submission requirements of K.S.A. 2000 Supp. 21-2511, as amended.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm
[1] L. 2001, Ch. 208, § 2.
[2] State v. Schlein, 253 Kan. 205, 219 (1993), citing In re MaryP., 237 Kan. 456, 459 (1985).
[3] See State v. Edwards, 28 Kan. App. 2d 379, 380 (2000).
[4] Vanderlinden v. State of Kansas, 874 F. Supp. 1210 (1995), aff'don other grounds by Schlicher v. Peters, 103 F.3d 940 (10th Cir. 1996).
[5] Emphasis added.
[6] Blacks Law Dictionary 1362 (6th Ed. 1990). See also The American Heritage Dictionary 1117 (2d Coll. Ed. 1985).
[7] See K.S.A. 22-3722.